## S. O. SANDERSON v. FRANK E. ENGEL.[1]

January 9, 1931.

No. 28,150.

W. W. *Smith* and *Fraser & Fraser,* for appellant.
*Irving L. Eckholdt,* for respondent.

DIBELL, J.

Action to have a deed and contract for the conveyance of real estate adjudged a mortgage and the debt secured paid, and to adjudge the plaintiff the owner and the defendant to have no in-

[1]Reported in 234 N. W. 450.

terest therein. There was a judgment for the plaintiff, and the defendant appeals.

■ When land is pledged for the payment of a debt the transaction, in whatever form clothed, is a mortgage. The right of redemption cannot be waived or forfeited by an agreement made when the mortgage is created. The mortgage may be evidenced by an absolute deed, and parol evidence may be used in proof that it was a security for a debt and therefore a mortgage. It may take the form of an absolute deed and a bond or agreement to reconvey. It may take the form of a conditional sale contract with a forfeiture upon the failure of the vendor to pay it. It may take the form of a deed by the vendor borrowing to a vendee lending or a contract of sale from the lending vendee to the borrowing vendor. It is not important that the deed be executed by one other than the mortgagor if security was intended. When the purpose and effect is to give security on real property for a debt the transaction is a mortgage, equity will give it that effect, and no agreement made at the time will obviate a foreclosure. These principles are wholly familiar to the profession, have been stated over and over, and are repeated with a citation of the supporting cases in 4 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 6150-6156.

■ In 1921 the plaintiff, S. O. Sanderson, the owner of a lot in Rochester, gave Oscar L. Thomas a contract of sale and conveyance for $700, payable $20 a month with interest at eight per cent. Thomas then had the equitable title and the plaintiff the legal title as security for the unpaid purchase price. Each had a conveyable and a mortgageable title.

Thomas found himself unable to pay so large an amount each month. This was understood by the plaintiff and by the defendant. The defendant knew that Thomas could not keep up his payments of $20 a month, and that because of this a refinancing was desired. Negotiations were had between Thomas, the plaintiff, and the defendant which ended either in a deed to the defendant with a contract of sale from the defendant to Thomas, constituting in fact a mortgage, or a deed to the defendant and a contract of sale by him

to Thomas with a right to forfeit his right for nonpayment upon 30 days' notice pursuant to G. S. 1923, § 9576, as amended, 2 Mason, 1927, id.

There were several conferences between the parties. Thomas then owed the plaintiff $500 on the 1921 contract. He wanted a loan of $700 and wanted to pay in instalments of $10 per month, so the court found on testimony tending to sustain its finding. After such conferences the plaintiff under date of December 6, 1923, deeded the lot to the defendant for an expressed consideration of $700. Under date of December 7, 1923, the defendant and Thomas entered into a contract whereby the former in form sold the lot to Thomas for $700, in monthly payments of $10, with interest at eight per cent. The defendant paid $550, of which $500 went to the plaintiff in payment of the amount owing him upon his contract of 1921 with Thomas. The balance of $150 was not paid. The plaintiff claims that the $150 was not to be paid until and unless water and sewer were installed. They were not installed and the payment was not made. The defendant denies that there was any such arrangement and says that the $150 represents his profit on the purchase from the plaintiff and the sale to Thomas. In 1924 Thomas conveyed his interest to the plaintiff. This latter fact is important only in explanation of the plaintiff's re-entry into the title and the passing of Thomas from it.

The plaintiff and the defendant are in an entire dispute in their testimony. Each finds some corroboration. The burden of proving that the instrument which was in form a contract of sale was really a mortgage was upon the plaintiff. His evidence is that the property was worth $1,400. This favors him, for the trier of fact might think it unlikely that property worth $1,400 was conveyed for $700, and more likely think that the $700 was a mortgage gradually to be paid off from month to month. The defendant gave numerous notices of forfeiture pursuant to § 9576. No objection was made by the plaintiff nor by Thomas, his predecessor in interest, that they were not properly made, which they could not be if the transaction was a mortgage. The defaults were several times removed

without suggestion that they might not properly be exacted. This favors the defendant's claim though indeed the plaintiff might have done as he did and still claim that the transaction was a loan. At the time of the making of the deed by the plaintiff and the contract by the defendant with Thomas, the plaintiff might have canceled under § 9576. He could have conveyed this right to the defendant. But taking it all in all it was for the trial court to say, in view of the decreased amount of monthly payments and the extension of the periods and the direct oral testimony, whether the contract to convey was a mortgage.

■ The defendant paid only $550 of the $700. He was not entitled to the $150 or interest thereon but only to the $550 with interest. The last notice of cancelation terminated on April 15, 1929. There were taxes paid. As we figure it the $550 and interest at that time had been paid; at least the evidence would justify such a finding by the court. The mortgage debt was paid and the plaintiff was entitled to a judgment adjudging that the defendant was without right in the land.

Judgment affirmed.