In the Matter of Linda Faye METHVIN.

Bankruptcy No. 8001366JC.

United States Bankruptcy Court,
S. D. Mississippi,
Jackson Division.

Feb. 23, 1981.

Gary D. Thrash, Jackson, Miss., for General Electric Credit Corp.

John M. Stevens, Jackson, Miss., for Linda Faye Methvin.

## OPINION

BARNEY E. EATON, III, Bankruptcy Judge.

This matter came on for hearing on the objection of General Electric Credit Corporation (GE) to confirmation of the debtor's plan of arrangement under Chapter 13 of the Bankruptcy Code. Specifically, GE's objections are the value placed on a mobile home, a lack of adequate protection and

that the plan was not proposed in good faith.

## I.

1. The debtor, Linda Faye Methvin, filed her petition for relief under Chapter 13 of Title 11 U.S.C. on June 19, 1980.

2. The debtor's gross income for the last calendar year was approximately $7,200. Her present total monthly income, including Aid to Dependent Children and foodstamps, is $678. The monthly expenses of the debtor are in the amount of $504. She has three dependent children ranging from age three to age 16.

3. The debtor is offering under the plan to pay into the Court $150 each month to be paid to her secured creditors. The plan proposes to pay the secured creditors the full value of their collateral, with the balance of their claim being treated as unsecured. The plan proposes to pay nothing to the holders of unsecured claims.

4. At the time of filing the petition, the debtor owed GE approximately $5,400 on the purchase of a 1970 Cordele mobile home, which was purchased in June, 1979. GE insists that the mobile home is worth at least $6,000. The debtor does not agree. She lists in her amended Chapter 13 plan that the collateral is worth $2,000. The Court scheduled a hearing to determine the fair market value of the mobile home and to allow the parties to present expert testimony on this question.

## II.

The requirements for confirmation of a Chapter 13 plan are contained in Section 1325 (11 U.S.C. § 1325) of the Bankruptcy Code. Specifically, Section 1325(a)(5)(B) provides with respect to secured claims:

"(a) The Court shall confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan—

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;"

Thus, a plan may be confirmed despite objection to confirmation of the plan, if the plan provides that the secured creditor shall retain the lien securing the claim, and if the court finds that the amount to be paid under the plan is not less than the amount of the creditor's allowed secured claim, determined by valuing the collateral as of the date of confirmation of the plan. The value of a secured claim is arrived at by reference to Section 506(a) which provides:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."

Thus, GE has a secured claim to the extent of the value of the mobile home and an unsecured claim to the balance.

In order to determine the value of a mobile home, this Court uses the fair market value of the property based upon the present condition and present location of the mobile home.

GE presented several appraisers. The first, Mr. Kinstley, appraised the value of the home at $6,200. Upon cross-examination, however, this appraiser was unable to substantiate exactly what his appraisal included. Further, the value of his testimony was influenced by the fact that he had a business relationship with GE. The second appraiser GE presented, Mr. Stewart, based his opinion solely upon his experience in the mobile home business without actually viewing the mobile home in question. Mr.

Stewart valued the mobile home at approximately $5,600. This appraiser, however, also had a business relationship with GE.

The testimony of the debtor's appraiser, Mr. Jones, was convincing. Mr. Jones testified that the 10 year old mobile home was in considerable need of repair. Mr. Jones estimated the costs of these repairs would be $2,948. (See Exhibit "C"). More importantly, Mr. Jones testified that he would not pay over $2,500 for the mobile home in its present condition.

Based upon the testimony of these three appraisers, the Court is of the opinion and finds that the fair market value of the mobile home in question is $3,800. Additionally, the Court finds that the cash payments under the plan of $120 each month to GE at least equals the rate of decline in the value of the collateral. Further, the value of the collateral is protected by the payment of 10% interest on the amount of the allowed secured claim. Accordingly, the Court finds that GE's secured claim is adequately protected.

The argument by GE that the plan is not filed in good faith is equally without merit. The debt is admitted and no fraud at the inception of the loan is alleged. Further, in light of the debtor's income and her obligations, the debtor's Chapter 13 plan is clearly commensurate with her ability to pay under the plan. The requirement that the plan be proposed in good faith does not require any specific minimum payments to unsecured creditors. 11 U.S.C. § 1325(a)(3); *In re Cloutier*, 3 B.R. 584, 6 B.C.D. 196 (Bkrtcy.1980); *In re Harland*, 3 B.R. 597, 6 B.C.D. 235 (Bkrtcy.1980). Thus, this Court finds that the plan is filed in good faith and that the unsecured creditors would be paid nothing if the debtor was liquidated under Chapter 7.

Accordingly, it is concluded that the plan of the debtor is filed in good faith, meets all the other requirements of Sections 1322 and 1325 of the Code, and should be confirmed.