The FIRST NATIONAL BANK OF ST. PAUL, Appellant,

v.

George R. RAMIER, as Special Administrator of the Estate of Ronald A. Rohloff, deceased, Respondent,

Betty J. Rohloff, Respondent,

Lawrence O. Hoff, et al., Defendants.

No. 51544.

Supreme Court of Minnesota.

Oct. 30, 1981.

Briggs & Morgan, St. Paul, for appellant.

George R. Ramier, Minneapolis, pro se.

Edward J. Hance, Minneapolis, for respondent Betty J. Rohloff.

WAHL, Justice.

The plaintiff First National Bank of St. Paul appeals from an amended order of the Hennepin County District Court granting summary judgment in favor of the defendants George Ramier, et al. We affirm.

On February 14, 1979, the plaintiff and the now deceased Ronald A. Rohloff entered into an unsecured loan agreement which called for the plaintiff's loan of $50,000 in exchange for a promissory note executed by Rohloff requiring payment in full, in accordance with a renewal agreement, not later than October 16, 1979. The plaintiff argues that this "swing loan" was made for the stated purpose of facilitating Rohloff's purchase of a residence in Hennepin County while he simultaneously attempted to sell his Pennington County residence. In fact, the Hennepin County property was purchased in February 1979 by Ronald Rohloff and his wife Betty, a defendant herein, as joint tenants.

Ronald's death on October 8, 1979, before satisfaction of the promissory note prompted the plaintiff to seek payment in full from the decedent's surviving spouse. Betty denied liability upon the basis that she did not execute the promissory note.

The bank then commenced this action to obtain a judicial declaration that Betty Rohloff had been unjustly enriched by her retention of the proceeds of the loan and that the bank was entitled thereby to an equitable lien against the homestead or the imposition of a constructive trust to the extent of the $50,000 obligation. The district court denied the relief requested upon its rejection of the legal and equitable theories of recovery advanced by the plaintiff.

There is no dispute over the facts that Betty was aware of both the existence of the loan and the application of its proceeds to the purchase of the Rohloffs' second residence. However, the trial court was correct in rejecting the bank's theory of entitlement to an equitable lien or mortgage or the imposition of a constructive trust.

As a general rule, in equity, when the real nature of the transaction between the parties is that of a loan, advanced upon the security of realty granted to the party making the loan, it may be treated as an equitable mortgage, without regard to the actual form of the instrument of conveyance. It is within the province of the trial court to determine, by looking beyond that form, the actual character of the transaction. *Sanderson v. Engel*, 182 Minn. 256, 234 N.W. 450 (1931) and *Minnesota Building & Loan Association v. Closs*, 182 Minn. 452, 234 N.W. 872 (1931). An equitable mortgage is created when the parties to the transaction intended it to be essentially a security transaction. An examination of the documents of record discloses no indica-

tion that either of the parties, the bank or the decedent, intended the loan agreement to be a secured obligation and in fact, the renewal note drafted by the bank conclusively states that it is an unsecured loan. Under those circumstances, a determination that an equitable mortgage or lien was created by the transaction would be wholly inappropriate.

The bank additionally argues that the facts clearly demonstrated that the defendant Betty Rohloff benefited unjustly from the terms of the loan agreement and that the judicial imposition of a constructive trust is necessary to protect its interests. This argument must also fail because as we indicated most recently in *Iverson v. Fjoslien*, 298 Minn. 168, 213 N.W.2d 627 (1973), unjust enrichment claims do not lie simply because one party benefits from the efforts or obligations of others, but instead it must be shown that a party was unjustly enriched in the sense that the term "unjustly" could mean illegally or unlawfully. *Sheasgreen Holding Co. v. Dworsky*, 181 Minn. 79, 231 N.W. 395 (1930). A constructive trust will not here be imposed where a banking institution, clearly in a more advantageous bargaining position when considering issuing a loan, could have either required security for the loan or obtained the signature on the promissory note of the potential joint tenant of the property. It chose not to do so and cannot here argue persuasively for the exercise of this court's equitable powers.

Affirmed.

OTIS, J. took no part in the consideration or decision of this case.

YETKA, Justice (dissenting).

Ronald and Betty Rohloff were residents of Thief River Falls when Ronald Rohloff's employment required them to move to the metropolitan area. Mr. Rohloff received a short-term $50,000 "swing loan" from appellant to facilitate the purchase of a home in Hennepin County. Mr. Rohloff expected to repay the loan from the proceeds of the eventual sale of their home in Thief River Falls, and the loan allowed them to purchase a new home before the old one was sold.

Mr. Rohloff died before the note became due. Betty Rohloff was not a party to the loan, but its proceeds were used for purchase of the new home in joint tenancy. Although the Rohloffs had acquired some wealth during their marriage, there are insufficient probate assets in Mr. Rohloff's estate to pay the debt, and Mrs. Rohloff has refused to pay the debt because she did not sign the loan agreement. Appellant sought to have the district court impose a constructive trust on the property for its benefit, but the court refused, finding that, because there was no evidence of improper conduct on the part of Betty Rohloff, a constructive trust was not an available remedy.

Improper conduct is not a prerequisite for the imposition of a constructive trust in Minnesota. A constructive trust is an appropriate remedy whenever the court finds that unjust enrichment would otherwise result. *See, e. g., Thompson v. Nesheim*, 280 Minn. 407, 415, 159 N.W.2d 910, 917 (1968). Unjust enrichment occurs whenever one person retains the property of another in any unconscientious manner. *See Knox v. Knox*, 222 Minn. 477, 482, 25 N.W.2d 225, 229 (1946); *Henderson v. Murray*, 108 Minn. 76, 79, 121 N.W. 214, 216 (1909). As Justice Mitchell observed nearly a century ago:

An action for money had and received can be maintained whenever one man has received or obtained the possession of the money of another, which he ought in equity and good conscience to pay over. This proposition is elementary. There need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right conscientiously to retain. *Brand v. Williams*, 29 Minn. 238, 239, 13 N.W. 42, 42 (1882).

In this case, I would hold that Betty Rohloff's retention of the proceeds of the bank loan is unconscionable and warrants the imposition of a constructive trust. By keeping the proceeds of the loan, she re-

ceives a windfall that constitutes a clear case of unjust enrichment. To hold otherwise in this case will inhibit the availability of loans that enable families to purchase a new home whenever economic conditions require them to relocate before they have had the opportunity to sell the previous home.

SHERAN, Chief Justice (dissenting).

I join in the dissent of Justice Yetka.