**In re Linda Faye METHVIN.**

**GENERAL ELECTRIC CREDIT CORPORATION, Creditor/Appellant,**

v.

**Linda Faye METHVIN, Debtor/Appellee.**

Bankruptcy No. 8001386.

Civ. A. No. J81–0103(R).

United States District Court,
S.D. Mississippi,
Jackson Division.

March 8, 1982.

Gary D. Thrash, Powell & Thrash, Jackson, Miss., for plaintiff.

John M. Stevens, Central Mississippi Legal Services, Jackson, Miss., for defendant.

## OPINION

DAN M. RUSSELL, District Judge.

This matter is before the Court on General Electric Credit Corporation's (hereinafter Appellant or GECC) appeal of the Bankruptcy Judge's Opinion dated February 23, 1981, 11 B.R. 556, confirming Linda Faye Methvin's (hereinafter Appellee) Chapter 13 plan. After considering the briefs submitted by the parties, the record in this case, and the oral argument of counsel, the Court is of the opinion that the decision below should be affirmed.

On June 25, 1979, Appellee entered into a contract to purchase a 1970 model mobile home from Leisure Mobile Homes for the price of $6,092.14. The contract was thereafter assigned to Appellant. On June 19, 1980, Appellee filed a petition and Plan for Relief pursuant to Chapter 13, Title II of the United States Code. On September 9, 1980, Appellant filed a complaint for Rejection of Plan. On November 4, 1980, an evaluation hearing on the Complaint for Rejection of Plan was conducted by the Bankruptcy Judge. At that hearing, evidence regarding the value of the home for the purposes of the Chapter 13 Plan was presented by both sides. At the conclusion

of the hearing the Bankruptcy Judge fixed the fair market value of the mobile home at $3,800.00.

■ Appellant first assigns as error the Bankruptcy Court's finding that the mobile home had a fair market value of $3,800.00. Appellant contends that this finding was against the overwhelming weight of the evidence and was without a scintilla of evidence in support thereof. This Court disagrees. It appears obvious to this Court that the Bankruptcy Court relied upon the testimony of Johnny Jones (R.T. pp 36–46), the owner of Jones Mobile Home Service, in arriving at the fair market value figure of $3,800.00. Jones actually inspected the mobile home and made a detailed estimate of repairs needed to put the home into a salable condition (SEE EXHIBIT C RT p 39–A). Jones testified that the home, "fixed, and ready to go", would sell for $6,500.00. However, repairs in the amount of $2,984.00 would be needed to get the mobile home into marketable condition.

The Bankruptcy Court apparently found Jones' testimony more credible than the two witnesses proffered by Appellant. Only one of the witnesses Appellant called at the hearing had actually examined the mobile home in question and both of them had ongoing business relationships with Appellant.

With regard to the Bankruptcy Court's arrival at the fair market value figure of $3,800.00, it appears to this Court only a matter of elementary arithmetic: The market value of the home in a salable condition less the cost of restoring the home to a salable condition should equal the present fair market value of the home. $6,500.00 - $2,984.00 = $3,516.00. The Bankruptcy Court, in fixing the fair market value of the home at $3,800.00 actually gave Appellant some $284.00 more than the home was worth Therefore, the Bankruptcy Court's valuation of the home in this case was not clearly erroneous and there is evidence in the record which supports the valuation of the home at $3,800.00.

Appellant next assigns as error the Bankruptcy Court's dismissal of Appellant's Objection to Confirmation of Modified Plan and the Court's Confirmation of the Modified Plan without a hearing. We do not agree with Appellant's contention that the plan was confirmed without a hearing. The hearing on the Complaint For Rejection of Plan was noticed for and conducted on November 4, 1980. Appellant had adequate opportunity at the hearing to voice any objection it had to the confirmation of the plan. We note that the issues presented by Appellant's Complaint For Rejection of Plan do not include allegations of bad faith. We also note that the Opinion of the Bankruptcy Judge dated February 23, 1981, specifically addresses the issue of bad faith and adequate protection of Appellant.

These are the only two issues that we can glean from the record in this case that Appellant could have raised but failed to do so at the evaluation hearing on November 4, 1980. But, even if it were Appellant's understanding that the November 4, 1980 hearing was strictly confined to the issue of the fair market value of the mobile home, we see no merit in Appellant's complaint of the lack of a hearing.

It is clear to us from reading the Opinion of the Court below that the Bankruptcy Judge considered all of Appellant's objections, including the issues of bad faith and adequate protection, prior to the Court's confirmation of the plan. We therefore decline to reverse the confirmation based upon Appellant's perceived lack of a hearing.

■ Appellant's last assignment of error involves the lack of adequate protection of the collateral. Appellant contends that the plan does not provide adequate protection of the collateral because the monthly payments proposed under the plan do not equal the depreciation of the collateral as determined by the Bankruptcy Court. In arriving at its monthly depreciation figure of $191.00 per month, Appellant assumes that the mobile home was worth what Appellee had contracted to pay for it on June 25, 1979. Appellant ignores the fact that Appellee bought the home with the understanding that Leisure Mobile Homes, the seller, would "fix it up" after the sale. The mobile home had previously been used as a

storage shed for mobile home furniture. The testimony of both Appellee and Johnny Jones reveal numerous deficiencies in the mobile home that, if corrected, would have enhanced the value of the home.

After the sale of the home and the assignment of the contract to GECC, the verbal assurances from the seller that the home would be fixed up never bore fruit in the form of actual repairs. Thus, it appears that part of the consideration for the purchase price included repairs that were never made to the mobile home. The contract price, therefore, is not a completely accurate figure from which to start calculations for depreciation purposes. We, therefore find no merit in Appellant's lack of adequate protection argument.

We likewise find no merit in Appellant's other arguments with regard to the lack of good faith of Appellee in proposing the plan because of her alleged concealment of assets and misrepresentation of expenses. This Court is satisfied that Appellee's plan was proposed in good faith as the Bankruptcy Judge specifically found in his opinion that the plan as confirmed by the Court below was fair and reasonable. We, therefore, dismiss GECC's appeal and affirm the Bankruptcy Judge's confirmance of the plan.