In Re Robert M. ERWIN, d/b/a Certified Auto Repair Service, Debtor.

Bankruptcy No. 3–81–1377.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 13, 1982.

William I. Kampf, St. Paul, Minn., for debtor.

John M. Giblin, Minneapolis, Minn., for creditor.

## FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

### INTRODUCTION

This matter is before the Court upon the objection of Shirley Erwin, the Debtor's former spouse, to the confirmation of the Third Amended Plan filed by the Debtor, Robert Erwin. Specifically, Ms. Erwin's objections are that the value of the property conveyed to her through the plan is not sufficient to satisfy her lien and that the plan is not proposed in good faith because it violates the confirmation requirements of 1325(a) 3, 4, 5, 6.

### FINDINGS OF FACT

1. The Debtor filed his petition for relief under Chapter 13 of Title 11 U.S.C. on July 23, 1981.

2. A dissolution of the marriage between Robert and Shirley Erwin was granted on December 15, 1980.

3. Prior to the Decree of Dissolution, Robert and Shirley Erwin jointly owned four (4) pieces of real property:

A. A homestead residence located at 2518 Dupont Avenue, North, in Minneapolis;

B. A residence located at 3059 Spring Creek Drive, New Brighton;

C. A one-half (½) commercial acre tract of land in Dakota County; and,

D. Commercial premises located at 8100 East River Road, Fridley.

4. Ms. Erwin is listed as a secured creditor in the Debtor's Chapter 13 proceedings. Ms. Erwin's status of secured creditor is based upon Findings of Fact, Conclusions of Law, Order for Judgment and Decree of Judge Donald T. Barbeau of the Hennepin County State District Court, Minnesota, of December 15, 1980, which effected the dissolution of the marriage between the Debtor Robert M. Erwin and Shirley Erwin.

5. The provisions of the Decree of Dissolution served to transfer real property to the respective parties and to provide for certain liens on the property. The Decree ordered that properties No. A and No. C in above Findings (3) be transferred by quit claim deed to Ms. Erwin and that properties No. B and No. D be transferred by quit claim deed to the Debtor, Robert M. Erwin.

6. For the divorce proceedings the Dupont Avenue property had a stipulated value of $50,000.00 and was encumbered by a first mortgage of $15,102.90 to be paid by Ms. Erwin and a second mortgage in the sum of $15,964.92 to be paid by the Debtor.

The Spring Creek Drive residence had a value of $90,000.00 and was encumbered by a first mortgage in the amount of $49,300.30 to be paid by the Debtor.

The ½ acre lot was valued at $1,000.00 and was the subject of pending litigation. Encumbrances of record were to be assumed by Ms. Erwin.

The commercial property on East River Road was valued at $60,000.00 and was encumbered by a contract for deed in the amount of $19,104.00 to be paid by the Debtor.

7. The State Court Decree also granted "an 8% interest bearing lien on the Spring Creek property in favor of Petitioner, (Shirley Erwin) in the amount of $16,276.00, said lien to be paid in 42 monthly installments of $387.52 plus interest." The lien of this debt was to be attached first to the Spring Creek Drive residence and secondly to the commercial property on East River Road. Judge Barbeau intended that if this debt was not paid as directed in installments then, in that event, the lien should be satisfied out of the sales proceeds of the Spring Creek property. And in the event the Spring Creek property did not satisfy the debt, the State Court intended that it be satisfied out of the East River Road commercial property. Debtor failed to pay off the encumbrance on the two residential properties and both have been foreclosed upon by the secured creditor, Evan Financial Corporation, Inc.

Debtor's Third Amended Plan proposes to satisfy Ms. Erwin's lien and satisfy his debt to Ms. Erwin by transferring to her all of Debtor's right, title, and interest in the two residential properties. There was no conveyance of the East River Road commercial property provided for in Debtor's Plan.

8. On March 27, 1981 the Spring Creek Road property was sold at a mortgage foreclosure sale on a bid by Evans for $51,843.71. (Claim No. 4)

9. The remainder of Debtor's Plan calls for a 100% repayment to his unsecured creditors.

The Debtor urges this Court that the provisions of § 1325(a)(5)(B)(ii) of the Bankruptcy Code require the Court to confirm a plan if the value of property to be distributed under the Plan on account of a claim is not less than the allowed amount of such claim. There has been no showing made that at the time these Chapter 13 proceedings were commenced on or before October 30, 1981, when the Debtor's Third Amended Plan was filed, that the property Debtor would surrender to creditor, Ms. Erwin, was equal to her claim of $16,276.00.

## QUESTIONS PRESENTED

The ultimate question for judicial determination is whether the Debtor's modified plan should be confirmed. More specifically, the Court must decide whether a debtor, who in a divorce proceeding has been awarded two pieces of non-exempt property, each encumbered by a lien in favor of his former spouse, can choose in his Chapter 13 plan to satisfy that lien by conveying his interest in only one piece of property which by itself has no value to satisfy that lien.

Where the several tracts of property of a debtor are impressed with a lien in favor of a creditor, it is not for the debtor to pick and chose which tract shall be surrendered for purposes of extinguishing the lien under the provision of the Bankruptcy Code for the very reason evident by what happened in this case. The debtor's attempt here to surrender his interest in the Spring Creek and Dupont Avenue properties is not sufficient to satisfy his former spouse's Court imposed lien and underlying debt and the Debtor's Third Amended Plan cannot be confirmed over the objections of his former spouse, a creditor of the Debtor.

## CONCLUSIONS OF LAW

### A. VALUATION

The Debtor argues that this Court is bound by the divorce decree's determination of value of the property conveyed by the Decree made in September 1980. If that were the case, this Court could go no further because if the September, 1980 valua-

tion held today, there would be about $40,-000.00 in equity for the satisfaction of Mrs. Erwin's lien.

Several Courts have held that the value of the property in question should be determined by valuing the collateral as of the date of confirmation of the plan. *Matter of Methvin,* 11 B.R. 556 at 557 (Bkrtcy.1981). *In re Strong,* 12 B.R. 221 at 223 (Bkrtcy. 1981). One Court held that for purpose of determining the value of the judgment creditor's interest in the property, the value equaled the amount the property would bring in if disposed of in a commercially reasonable manner. *In re Cohen,* 13 B.R. 350 (Bkrtcy.1981).

■ This Court concurs that the time for valuation is the date of the confirmation. The earliest date this could be in this case would be the date the Third Amended Plan was filed, which was October 30, 1981. In this case, in the absence of any evidence to the contrary, the valuation of the Spring Creek Drive property is held to be in the amount of $51,843.00, the amount the property was bid in for at the sheriff's mortgage foreclosure sale. As a result, the lien on that property was left totally unsatisfied and Mrs. Erwin is still owed the $16,276.00.

## B. SECURED DEBT

■ This Court also finds that the $16,-276.00 debt is a secured debt. The document which gave rise to Mrs. Erwin's lien was the divorce decree. It was the same document which conveyed Mrs. Erwin's interest in the two above mentioned properties to the Debtor. Thus it can be said that the property was conveyed to the Debtor subject to Mrs. Erwin's lien to secure payment of Mrs. Erwin's share of the property settlement. In a similar fact situation the Court stated that "this situation is somewhat analogous to the situation where property is conveyed subject to a lien to secure the purchase price thereof." *In Re Scott,* 12 B.R. 613 at 615 (Bkrtcy.1981).

■ "A pledge of real property for the payment of a debt creates an equitable mortgage." Dunnell's Minnesota Digest,

Mortgages § 6150.10 and *Sanderson v. Engel,* 182 Minn. 256, 257, 234 N.W. 450, 451. See *Hatlestad v. Mutual Trust Life Ins. Co.,* 197 Minn. 640, 647, 268 N.W. 665, 668 (1936). The divorce decree secured the former wife's equity in a lien which constitutes an equitable mortgage and as such is entitled to the same classification and treatment as the purchase money mortgages upon the Debtor's property.

The words of the decree, which read in part,

"Shirley Erwin shall have a lien upon said property (East River Road) until such time as she is paid by respondent pursuant to paragraph 7 herein."

Paragraph 7 reads:

"The Spring Creek Drive property conveyed to the Debtor "is subject to an 8% interest-bearing lien in favor of Shirley Erwin in the amount of $16,276.00 to be paid in 42 monthly installments of $387.52 plus interest."

obviously demonstrate that the interest conveyed was intended as security for the payment of money. See *In Re Scott,* 12 B.R. 613 at 618 (Bkrtcy.1981).

■ Under 11 U.S.C. 541(d), the Debtor's property becomes property of the Bankruptcy estate, but not to the extent that another has an equitable interest therein. Thus, Mrs. Erwin has a secured interest in the Debtor's property, and to the extent that it is secured such property belongs to Mrs. Erwin, not to the Debtor, nor the Bankruptcy estate. And to the extent that it is not satisfied out of one property it will attach to the other until satisfaction is met.

## C. AVOIDANCE OF DIVORCE DECREE

In another case where the debtor was attempting to avoid a judicial lien under § 522(f) of 11 U.S.C. on exempt homestead property which had been granted pursuant to a divorce proceeding, the Court held that the judicial lien could be avoided on condition that the debtor comply with the decree of the State dissolution in all particulars, including payment to the defendant of one-half equity in the property. *Matter of Maness,* 17 B.R. 76 (Bkrtcy.1981). In address-

ing the issue of avoiding allegations imposed by a State dissolution court the *Maness* Court stated:

"This Court has previously held that when a state dissolution court has conferred a right in specific property upon a debtor's spouse prior to commencement of the bankruptcy proceedings, the debtor is not entitled to the aid and protection of the Bankruptcy Court in retaining possession of that property right in defiance of the State Court Order." Id at 77.

 This Court agrees that it has a right to rely on previous dispositions of matters by other courts and unless there is a clear and convincing showing to the contrary, as a matter of comity it should do so. In the case at bar, it is clear to the Court that the Debtor had no legal basis by which to convey only one of the properties to which the dissolution decree attached a lien especially since the conveyed property had no value from which to satisfy the lien.

## D. CONFIRMATION REQUIREMENTS

Certain requirements must be met before a plan can be confirmed. First, the Court must find that the unsecured creditors receive as much as they would in a liquidation under Chapter 7 pursuant to 11 U.S.C. § 1325(a)(4). Second, the secured creditors must be satisfied in one of several ways pursuant to 11 U.S.C. § 1325(a)(5). Third, the debtor must be able to make all the payments under the plan and to comply with the plan pursuant to 11 U.S.C. § 1325(a)(6). Finally, the Court must determine that the plan was proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3). Under this plan § 1325(a)(4) of the Code is satisfied because all of the unsecured creditors are receiving a 100% payback. On the other hand, Shirley Erwin is objecting to the plan claiming that the provisions of § 1325(a)(5) of the Code remain unsatisfied. It provides that with respect to secured claims:

"(a) The Court shall confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan—

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than allowed amount of such claim;" or

(C) the debtor surrenders the property securing such claim to such holder;

 In this case the Debtor proposes to surrender one of the two parcels of property on which the secured creditor has a lien. The other parcel of property was simply not dealt with under the plan as it pertains to . Mrs. Erwin. Once a piece of property has been surrendered to the lienholder, the debt is not considered extinguished. According to Colliers, the collateral surrendered under § 1325(a)(5)(C) "is controlled by the applicable provisions of the U.C.C. 9–504 with the result that the holder of an allowed secured claim would be entitled to an allowed *unsecured* claim for the amount remaining due the holder after an appropriate disposition of the surrendered collateral" 1325.01 Collier on Bankruptcy, 15th Ed. Consequently, if the disposition of this property results in a sale for an amount that is less than the claim, the debtor must provide for the unsecured portion in the plan and that has not been done here.

However, Mrs. Erwin still has an enforceable security interest on the commercial East River Road property for the unsatisfied lien awarded by the dissolution court. But again, the provision of § 1325(a)(5) remains unsatisfied because the Debtor's Plan does not provide that Ms. Erwin, the holder of the unsecured claim retains the lien securing such claim in the commercial property. 11 U.S.C. § 1325(a)(5)(B)(i), *In re Strong*, 12 B.R. 221 (Bkrtcy.1981).

Whether or not the Debtor is able to make all the payments under the plan is in question. The present status of the commercial property is uncertain to the Court. There has been some indication to the Court that the Debtor is in serious default in his contract to purchase the commercial property. The Court questions how, if the Debt-

or's place of business is lost through cancellation proceedings, the Debtor will be able to continue his business and make the payments required under the Third Amended Plan.

 Finally, the Debtor's transfer of all of his right, title and interest in the Dupont Avenue property to "Evans" and Mrs. Erwin calls into question the good faith filing of the plan. Under the divorce decree, Mrs. Erwin was awarded all the right, title and interest in the Dupont property subject to the first mortgage of $15,000.00. The Debtor was ordered to pay off the second mortgage of approximately $15,000.00. The Debtor's conveyance to Mrs. Erwin resulted in an additional debt of $15,000.00 for her to carry. In addition, on his Schedule B Assets, page 5, the Debtor showed he had an asset consisting of a $60,000.00 market value on the Dupont Avenue house. He used this amount as part of the computation of the total amount of real property owed by the Debtor. In parenthesis he adds that this property was conveyed to Mrs. Erwin in the dissolution proceedings. These errors appear to this Court to be another attempt to circumvent the previous order of the dissolution court. For these reasons this Court finds that this plan was not proposed in good faith and the additional two of the three requirements of confirmation have not been met.

The Debtor's Third Amended Plan fails entirely to make provisions for payment of the claim Shirley Erwin in the amount of the $16,276.00, and

ACCORDINGLY IT IS ORDERED that this Chapter 13 Plan be and the same is hereby not confirmed.