John C. WICKER, Appellant,

v.

Donald C. ROERING and LaVerne Roering, Respondents.

No. C7–84–411.

Court of Appeals of Minnesota.

March 19, 1985.

John C. Wicker, appellant, pro se.

Lance R. Heisler, Staples, for respondents.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

John Wicker appeals a judgment holding that he has no equitable interest in property owned by Donald and LaVerne Roering. He also challenges the trial court's finding that Roerings' use of the property did not constitute tortious interference with his present or potential contractual relations. We affirm.

## FACTS

In 1967 John Wicker purchased land near Big Sauk Lake in Todd County. In 1970 Donald Roering began leasing the tillable portion of the tract from Wicker. He has farmed the land continuously since then.

Between 1972 and 1974 Wicker surveyed the land and developed a proposed plat for subdividing the property. The plat was never approved. However, from 1976 through 1979 Wicker and various business associates sold several lots within the tract by contracts for deed. All of the contracts for deed were contingent upon Wicker retaining title and obtaining final approval of the proposed plat.

In 1977 Wicker deeded the tract to Dunham, Inc., one of his creditors. That deed was judicially determined to be an equitable mortgage. Dunham foreclosed on the mortgage and in August 1979 bought the property at a sheriff's sale.

In July 1980, shortly before the expiration of Wicker's one year redemption period, Wicker sought help from Roering and his wife in recovering the tract from Dunham. In exchange for $1,000 Roerings agreed to accept a judgment from Wicker and to redeem the property in their names as judgment creditors. Roerings were to redeem with money provided by Wicker and transfer title to Wicker or his designated agent in thirty days. Wicker did not obtain the necessary financing, the redemption did not occur, and Wicker did not pay Roerings the agreed fee.

In October 1980, after the redemption period expired, Roerings bought the property from Dunham. They financed the purchase with a personal bank loan. They subsequently entered into two agreements to sell the property to Wicker or his agent. The first called for payment in full by November 15, 1980; and the second, by July 15, 1981. The second agreement provided for an increase in price for each week payment was delayed. Wicker made one payment of $1,000 toward the purchase price.

Roerings plowed the land and planted corn in the fall of 1981 and spring of 1982. The plowing may have dislodged a few survey stakes. Many were already missing or destroyed.

In June 1982, Wicker presented a second proposed plat to the Todd County Planning Commission for approval. Wicker abandoned the purchase agreement after the plat was rejected.

## ISSUES

1. Did the trial court err in finding that appellant Wicker has no equitable mortgage in property purchased by respondents where Wicker never conveyed any interest in the land to respondents and respondents never agreed to loan Wicker money to buy the land?

2. Did the trial court err in finding that respondents' plowing of the property at issue did not constitute tortious interference with appellant's present and prospective contractual relations?

## ANALYSIS

Wicker's claim to an equitable interest in the Roering property has no merit. An equitable mortgage arises when, as security for a loan, a party conveys an interest in realty to the lender. The test is whether the parties intended a security transaction. *First National Bank of S. Paul v. Ramier*, 311 N.W.2d 502, 503 (Minn.1981).

The parties' July 1980 agreement did not convey any interest in the property to Roerings. It simply provided:

> Upon receipt of $1,000.00 I agree to assign my interest in the Farm known as "Scenic Valley—Big Sauk Lake" addition to John Wicker or his assigns as per Confession of Judgment and Intent to Redeem of July 25, 1980.

After the expiration of Wicker's one year redemption period, he had no interest to assign.

Furthermore, Roerings never agreed to loan Wicker money to recover the property. They agreed only to redeem the property with money provided by Wicker and then convey it to Wicker or his assigns. When he failed to raise the money before the expiration of the redemption period they bought the property with their own money. In the absence of either a loan or a conveyance of an interest in realty, the trial court properly found Wicker had no equitable mortgage.

Wicker's tortious interference claim is likewise meritless. Wicker contends that Roerings' plowing changed the character of the land from residential to agricultural. He alleges that as a result his second proposed plat was rejected and the persons buying lots from him ceased making payments on their contracts for deed.

Even if we accept these allegations as true, Wicker is not entitled to relief. Minnesota recognizes a cause of action for wrongful interference with both present and prospective contractual relations. *United Wild Rice, Inc. v. Nelson*, 313 N.W.2d 628, 632 (Minn.1982). However, the tort requires that the interference be both intentional and improper. *Id.* at 633.

There was nothing improper about Roerings plowing their own land. Neither purchase agreement limited Roerings' use of the property before closing. In fact, since the anticipated closing date was in the middle of the 1981 crop season, the second agreement specified that Roerings could work and harvest crops maturing after the property changed hands.

We have also considered and found no merit to other claims raised by appellant.

## DECISION

There is no merit in appellant's claims for an equitable mortgage or a cause of action for tortious interference.

Affirmed.