In re ESTATE OF John
Michael PALMEN

No. C2-97-1546.

Supreme Court of Minnesota.

Jan. 28, 1999.

---

494

Carl A. Blondin, Oakdale, for appellant.

Patty J. Sullivan, Ulvin and Sullivan, P.A., St. Paul, for respondent.

## OPINION

PAGE, Justice.

In this action, Deborah Lee Schneider, claiming unjust enrichment, seeks to recover $48,051.03 from the estate of John Michael Palmen for cash she allegedly expended, goods and services she allegedly provided, and improvements she allegedly made to a log cabin retirement home she and Palmen were building in Wisconsin. Schneider and Palmen were not married, but lived together for over ten years. Upon Palmen's death, Schneider filed a claim with the Personal Representative for Palmen's estate. The Personal Representative denied the claim and eventually moved for summary judgment claiming that, among other things, Minn.Stat. §§ 513.075[1] and 513.076[2] bar Schneider's claim. The district court, stating only that the personal representative was entitled to judgment as a matter of law because there were no genuine issues of material fact, granted the motion. On appeal, the court of appeals in a 2–1 decision concluded that the district court lacked jurisdiction to hear Schneider's claim because under the two statutes, "non-written contracts between unmarried cohabitants living together in contemplation of sexual relations are unenforce-

---

1. If sexual relations between the parties are contemplated, a contract between a man and a woman who are living together in this state out of wedlock, or who are about to commence living together in this state out of wedlock, is enforceable as to terms concerning the property and financial relations of the parties only if: the contract is written and signed by the parties, and enforcement is sought after termination of the relationship.
   Minn.Stat. § 513.075 (1998).

2. Unless the individuals have executed a contract complying with the provisions of section 513.075, the courts of this state are without jurisdiction to hear and shall dismiss as contrary to public policy any claim by an individual to the earnings or property of another individual if the claim is based on the fact that the individuals lived together in contemplation of sexual relations and out of wedlock within or without this state.
   Minn.Stat. § 513.076 (1998).

able in Minnesota."[3] Based on our reading of the two statutes as interpreted by this court's decision in *In re Estate of Eriksen*,[4] we reverse and remand to the district court for further proceedings.

On appeal from summary judgment, we must determine whether any genuine issues of material fact exist and whether the lower courts erred in their application of the law.[5] When making those determinations, we view the evidence in the light most favorable to the party against whom summary judgment was granted.[6] The construction of a statute presents a question of law subject to de novo review.[7]

The facts necessary for resolution of the issue before us are straightforward and, for purposes of this summary judgment, undisputed. Schneider and Palmen began living together as an unmarried couple in 1985. In 1987, Schneider and Palmen agreed to build a log cabin together on real property belonging solely to Palmen. Construction of the log cabin began in June 1988 and continued until August 10, 1996. No instrument was ever executed explicitly recognizing that Schneider had an ownership interest in the property

According to Schneider, the cabin's construction was a joint effort in which she and Palmen shared in the expense and labor. She maintains that she agreed to this arrangement because she and Palmen were engaged, and because Palmen promised that, once they were married, joint ownership of the property would be automatic. Schneider also claims that Palmen promised her that if their relationship ended, he would reimburse her for her labor as well as materials and supplies she contributed to the log cabin's construction. Schneider and Palmen never reduced the financial arrangements regard-

ing the log cabin's construction to writing. After a disagreement on August 3, 1996, Schneider and Palmen separated. Palmen committed suicide on September 30, 1996.

The narrow question presented by this case is whether the court of appeals was correct in its conclusion that Minn.Stat. §§ 513.075 and 513.076 operate to bar Schneider's claim. Under the plain language of the two statutes, a contract between a man and woman living together in this state out of wedlock in contemplation of sexual relations is not enforceable unless the contract is written and signed by the parties and the parties seek to enforce it after the relationship has terminated.[8] Further, absent a written contract, Minnesota courts are without jurisdiction to hear such claims.[9] In contrast, a claim by an individual to recover, preserve, or protect his or her own property, which he or she acquired "independent of any service contract related to cohabitation," is enforceable in this state.[10] Indeed, in *In re Eriksen*, we explicitly held that the jurisdictional bar imposed by sections 513.075 and 513.076 applies only when the "*sole* consideration for a contract between cohabiting parties is their contemplation of sexual relations * * * out of wedlock."[11] We also made it clear that the statutory bar does not apply where one party is merely seeking to "preserve and protect [his or] her own property" and is not "seek[ing] to assert any rights in the property of a cohabitant."[12]

Here, the district court and the court of appeals dismissed Schneider's claim for lack of jurisdiction. Schneider argues that the lower courts erred in dismissing her claim because she is attempting to recover the cash she expended and the value of the labor and services she contributed to the construction

3. *In re Estate of Palmen*, 574 N.W.2d 743, 746 (Minn.App.1998).

4. *In re Estate of Eriksen*, 337 N.W.2d 671 (Minn. 1983).

5. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992).

6. *Offerdahl v. University of Minnesota Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

7. *Hibbing Educ. Ass'n v. Pub. Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

8. Minn.Stat. § 513.075.

9. Minn.Stat. § 513.076.

10. *Eriksen*, 337 N.W.2d at 674.

11. *Id.* (emphasis in original).

12. *Id.*

of the log cabin and is not attempting to gain ownership of Palmen's property. Specifically, Schneider claims that she spent at least $5,991.03 purchasing construction materials, supplies, and tools, $7,100 for erecting portions of the cabin, and $4,590 for her mileage to and from the cabin. In addition, Schneider claims that she expended 3,037 hours of labor and is owed an additional $30,370 for this contribution, calculated at $10 an hour. Based on these calculations, she claims that she is entitled to recover $48,051.03 from the estate. According to Schneider, her contributions to the log cabin's construction were independent of her living with Palmen in contemplation of sexual relations.

The Personal Representative argues that Minnesota's courts are without jurisdiction to hear Schneider's claim because Schneider and Palmen lived together in contemplation of sexual relations out of wedlock and never had a written agreement with respect to the ownership of the real property, as required by Minn.Stat. §§ 513.075 and 513.076. The Personal Representative further argues that because Schneider did not contribute financially to the purchase price of the property on which the log cabin was being built, and the property was never titled in her name, the property was not hers to protect.

It is true that under Minn.Stat. §§ 513.075 and 513.076, unless a signed written contract exists, any claim by an individual to the earnings or property of another individual is precluded if the claim is based on the fact that the individuals lived together in "contemplation of sexual relations * * * out of wedlock." That does not mean, however, that as a matter of law, enforcement of all unwritten agreements between indiviudals living together in contemplation of sexual relations out of wedlock are barred. If the claimant can establish that his or her claim is based on an agreement supported by consideration independent of the couple's "living

together in contemplation of sexual relations * * * out of wedlock"[13] or that he or she is seeking to "protect [his or] her own property" and is not "seek[ing] to assert any rights in the property of a cohabitant,"[14] the statutes do not operate to bar the claim.

Put simply, Minn.Stat. §§ 513.075 and 513.076 prevent an unmarried couple living together in "contemplation of sexual relations" from receiving the legal rights conferred upon married couples. In other words, by virtue of living together in contemplation of sexual relations, neither cohabitant obtains any ownership interest or legal right to the other individual's property or earnings.[15] Additionally, unlike the case with a married couple, the courts cannot conclusively presume that each cohabitant is entitled to the value of any contributions made during the course of their relationship.[16] At the same time, the statutes do not operate to automatically divest unmarried couples living together of all legal remedies.

■ Here, Schneider's claim is based on her contributions to the construction of the log cabin on Palmen's real property, which is not the same as Schneider making a claim to Palmen's property. As we read Schneider's Statement of Claim, she is only seeking to recover the value of her direct contributions to the construction of the log cabin. She does not seek to recover the value of general contributions she made to the relationship she had with Palmen nor does she make any claim on Palmen's earnings or to his property. Further, because Schneider's claim seeks to recover her direct contributions to the construction of the log cabin, her claim is not based on her living together with Palmen "in contemplation of sexual relations * * * out of wedlock."[17]

Because we conclude that Schneider's claim seeks to recover her own contributions to the log cabin's construction and is not based solely on the fact that she and Palmen

**13.** Minn.Stat. §§ 513. 075 and 513.076.

**14.** *Eriksen,* 337 N.W.2d at 674.

**15.** *Cf.* Minn.Stat. § 518.58, subd. 1 (1998) (requiring that "the court shall make a just and equitable division of marital property.")

**16.** *See id.* (providing that it will be "conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife.")

**17.** *See* Minn.Stat. § 513.076.

lived together in contemplation of sexual relations out of wedlock, Minn.Stat. §§ 513.075 and 513.076 do not bar her claim.[18] Schneider is in the same position as any other individual seeking to recover on the theory of unjust enrichment.[19]

Having resolved the jurisdictional issue in favor of jurisdiction, we remand to the district court for further proceedings consistent with this opinion.

Reversed and remanded to the district court.

18. *See Eriksen,* 337 N.W.2d at 674.

19. *See First Nat'l Bank of St. Paul v. Ramier,* 311 N.W.2d 502, 504 (Minn.1981).