*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1681**

Jessica Jane Wittner,
Appellant,

vs.

Joshua Jonathan Phillips,
Respondent.

**Filed May 16, 2016
Affirmed in part, reversed in part, and remanded
Johnson, Judge**

Scott County District Court
File No. 70-CV-13-12225

Jessica Jane Wittner, St. Paul, Minnesota (pro se appellant)

Joshua Jonathan Phillips, Lindstrom, Minnesota (pro se respondent)

Considered and decided by Schellhas, Presiding Judge; Worke, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Jessica Jane Wittner sued Joshua Jonathan Phillips for breach of contract and various torts that allegedly were committed during a four-month period during which they lived together while in an intimate relationship. The district court dismissed Wittner's breach-of-contract claims on the ground that they are barred by sections 513.075 and

513.076 of the Minnesota Statutes.  The district court also imposed sanctions on Wittner for violations of the rules governing discovery and the rules governing frivolous litigation.  We conclude that the district court erred by dismissing Wittner's breach-of-contract claims but did not err in its rulings on Phillips's motions for sanctions.  Therefore, we affirm in part, reverse in part, and remand for further proceedings.

**FACTS**

Wittner and Phillips began an intimate relationship in August 2012 and began living together in December 2012.  Wittner alleged that Phillips was physically and verbally abusive while the parties lived together.  She also alleged that the relationship ended in March 2013 after Phillips was arrested for domestic assault, a charge to which he later pleaded guilty.  Wittner's civil action seeks, among other things, damages for the amounts of money that Wittner allegedly paid to third parties for their housing-related expenses and the amounts of loans that Wittner allegedly made to Phillips.  Wittner alleged that Phillips is employed only in certain seasons and had no income while the parties lived together.  Wittner is a licensed attorney and presumably is employed on a year-around basis.

In May 2013, Wittner commenced this action by serving an eight-count complaint asserting the following claims: (1) breach of contract (related to rent and utility expenses), (2) breach of contract (related to non-repayment of loans), (3) harassment and stalking, (4) negligent infliction of emotional distress, (5) intentional infliction of emotional distress, (6) assault, (7) battery, and (8) conversion.

In February 2014, Wittner, appearing as a *pro se* attorney, moved for summary judgment on all counts.  The district court continued the motion because Phillips obtained

new counsel, who requested time to review the matter and respond to the motion. Thereafter, the parties engaged in unusually contentious discovery. For the sake of judicial efficiency, we decline to describe each event and each dispute in the discovery phase of the case, but we note that they are sufficiently described in the district court record.

In April 2014, Phillips, appearing through counsel, moved to dismiss counts 1 and 2 on the ground that they are barred by sections 513.075 and 513.076 of the Minnesota Statutes. At the hearing on Wittner's motion for summary judgment and Phillips's motion to dismiss, Wittner agreed to voluntarily dismiss counts 3, 4, and 5. *See* Minn. R. Civ. P. 41.01(b). In June 2014, the district court granted Phillips's motion to dismiss counts 1 and 2 and denied Wittner's motion for summary judgment. As a result, three claims remained: counts 6, 7, and 8.

In October 2014, Phillips moved for discovery sanctions. *See* Minn. R. Civ. P. 37.03. In November 2014, the district court issued an amended scheduling order that set the case for trial on May 12, 2015. In February 2015, the district court granted Phillips's motion for sanctions under rule 37 and required Wittner to reimburse Phillips for attorney fees and costs in the amount of $3,799.15.

Meanwhile, in January 2015, Phillips moved for a determination that Wittner is a frivolous litigant and for appropriate sanctions. *See* Minn. R. Gen. Prac. 9. In May 2015, the district court granted the motion. The district court relieved Phillips of the obligation to respond to Wittner's outstanding discovery requests. The district court also prohibited Wittner "from filing or serving further motions, pleadings, or discovery" unless she paid

3

the monetary sanctions imposed in February 2015 and obtained approval from the district court.

On the day of trial, Wittner moved to voluntarily dismiss her remaining claims with prejudice. The district court granted the motion and entered final judgment.

Wittner appeals and challenges three rulings: the June 2014 order dismissing counts 1 and 2, the February 2015 order imposing discovery sanctions, and the May 2015 order imposing frivolous-litigant sanctions.

**D E C I S I O N**

**I. Breach-of-Contract Claims**

Wittner first argues that the district court erred by granting Phillips's motion to dismiss counts 1 and 2 for lack of jurisdiction. This court applies a *de novo* standard of review to a district court's ruling on a motion to dismiss for lack of jurisdiction. *Rasmussen v. Sauer*, 597 N.W.2d 328, 330 (Minn. App. 1999), *review denied* (Minn. Sept. 14, 1999).

Wittner's argument challenges the district court's interpretation of the following statutes:

> **513.075. Cohabitation; Property and Financial Agreements.**
>
> If sexual relations between the parties are contemplated, a contract between a man and a woman who are living together in this state out of wedlock, or who are about to commence living together in this state out of wedlock, is enforceable as to terms concerning the property and financial relations of the parties only if:
>
> (1) the contract is written and signed by the parties, and

4

> (2) enforcement is sought after termination of the relationship.

**513.076. Necessity of Contract.**

> Unless the individuals have executed a contract complying with the provisions of section 513.075, the courts of this state are without jurisdiction to hear and shall dismiss as contrary to public policy any claim by an individual to the earnings or property of another individual if the claim is based on the fact that the individuals lived together in contemplation of sexual relations and out of wedlock within or without this state.

Minn. Stat. §§ 513.075-.076 (2014).

In essence, sections 513.075 and 513.076 bar a breach-of-contract claim between unmarried persons who are or were cohabiting unless the claim is based on a written agreement. *See id.*; *In re Estate of Palmen*, 588 N.W.2d 493, 496 (Minn. 1999). But the supreme court has interpreted the statutes narrowly. The statutes "do not operate to automatically divest unmarried couples living together of all legal remedies" against each other. *Id.* More specifically, the statutes may be applied "only when the '*sole* consideration for a contract between cohabiting parties is their contemplation of sexual relations . . . out of wedlock.'" *Id.* (quoting *In re Estate of Eriksen*, 337 N.W.2d 671, 674 (Minn. 1983) (emphasis in original)). Furthermore, the statutes may be applied only if "one party is merely seeking to 'preserve and protect [his or] her own property' and is not 'seek[ing] to assert any rights in the property of a cohabitant.'" *Id.* at 495 (alteration in original) (quoting *Eriksen*, 337 N.W.2d at 674).

Wittner alleges in her complaint that she and Phillips entered into oral agreements concerning the payment of their housing expenses and loans for other living expenses.

5

More specifically, she has alleged that they agreed that she would pay the rent and utilities for the first five months of their cohabitation and that Phillips would do so for the next five months and that they would split those expenses evenly thereafter. She also has alleged that they agreed that she would lend money or otherwise extend credit to Phillips and that he would pay off the debt "by the end of his next season of employment."

Wittner contends that the district court erred by reasoning that the consideration for the alleged oral contracts included sexual relations out of wedlock. She contends that the oral contracts were unrelated to any sexual relations or contemplated sexual relations between the parties. Wittner's argument has merit. She makes no allegation in her complaint that the parties' oral contracts were based on a promise to engage in sexual relations. *See Palmen*, 588 N.W.2d at 496; *Eriksen*, 337 N.W.2d at 674. Furthermore, her breach-of-contract claims do not seek "to assert any rights in the property of" Phillips, but, rather, seek only "to preserve and protect her own property." *See Eriksen*, 337 N.W.2d at 674. Her breach-of-contract claims simply are not the type of claims that are barred by sections 513.075 and 513.076 of the Minnesota Statutes.

Thus, the district court erred by granting Phillips's motion to dismiss counts 1 and 2 of the complaint.

## II. Discovery Sanctions

Wittner next argues that the district court erred by granting Phillips's motion for discovery sanctions. She contends that her failure to make timely initial disclosures was harmless. This court applies an abuse-of-discretion standard of review to a district court's

6

imposition of sanctions under rule 37.03. *Knight v. McGinity*, 868 N.W.2d 298, 302 (Minn. App. 2015).

Wittner argued to the district court that, although she made untimely initial disclosures, sanctions are inappropriate on the ground that Phillips was not harmed. The district court noted that Phillips's defense was not prejudiced because the case was not scheduled to be tried for several months. But the district court stated that Phillips was entitled to a remedy because Wittner's untimely initial disclosures "cost [him] time and money." The district court's statement is supported by Phillips's motion papers, which include his attorney's detailed billing records, which describe the tasks performed and the fees and costs Phillips incurred as a result of Wittner's untimely initial disclosures.

Thus, the district court did not err by granting Phillips's motion for discovery sanctions and by ordering Wittner to make payment to Phillips for the reasonable expenses, including attorney fees, caused by her discovery violations.

### III.  Frivolous-Litigant Sanctions

Wittner last argues that the district court erred by granting Phillips's motion for frivolous-litigant sanctions. This court applies an abuse-of-discretion standard of review to a district court's determination that a party is a frivolous litigant under rule 9 of the general rules of practice. *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 290, 295 (Minn. App. 2007).

Wittner's third argument consists of five parts. First, she contends that the district court erred by relying on an incorrect definition of the term "frivolous litigant." She contends that the correct definition is within rule 9 of the general rules of practice but that

7

the district court incorrectly relied on rule 11 of the rules of civil procedure. In fact, the district court relied on rule 9.06(b) for the definition of "frivolous litigant." Rule 9.06(b) includes a reference to "frivolous motions, pleadings, letters, or other papers." Minn. R. Gen. Pract. 9.06(b)(2). The district court also relied on rule 11 for the standards that an attorney must follow when signing a pleading, motion, or other paper. *See* Minn. R. Civ. P. 11.02(a)-(d). It was not inappropriate to engage in such legal analysis in order to determine whether Wittner had served or filed frivolous motions, letters, or other papers.

Second, Wittner contends that the district court erred by not properly conducting the seven-factor balancing test prescribed by rule 9.02(b). The district court expressly discussed each of the seven factors, as required by rule 9.02(b). Wittner challenges the district court's analysis of the first, second, and fourth factors. The district court did not misanalyze the first factor by reasoning that Wittner's voluntarily dismissed claims were pursued to "an adverse result" because the dismissal of a plaintiff's claim is an adverse result. *See* Minn. R. Gen. Pract. 9.02(b)(1). The district court did not misanalyze the second factor, even in light of our reversal of the dismissal of the breach-of-contract claims, because the district court's frivolous-litigant findings are based primarily on the manner in which Wittner conducted discovery. And the district court did not misanalyze the fourth factor by considering the financial burden on Phillips in light of the fact that rule 9 allows a district court to consider each party's interest in "the efficient administration of justice." Minn. R. Gen. Pract. 9.02(b)(4). The district court did not abuse its discretion in applying the seven-factor balancing test in rule 9.02(b).

Third, Wittner contends that the district court erred by violating the following provision of rule 9: "No determination or ruling made by the court upon the motion shall be, or be deemed to be, a determination of any issue in the action or proceeding or of the merits thereof." Minn. R. Gen. Pract. 9.02(d). Wittner contends that the district court violated this part of rule 9 by relieving Phillips of his obligation to respond to Wittner's outstanding discovery requests. Wittner's contention fails because the challenged part of the district court's order did not determine any substantive issue concerning a claim or a defense. Rather, the challenged part of the district court's order concerns a matter of discovery.

Fourth, Wittner contends that the district court erred by considering Phillips' rule 9 motion even though he served and filed his memorandum of law seven days before the motion hearing, rather than 14 days, as specified in the applicable rule governing non-dispositive motions. *See* Minn. R. Gen. Pract. 115.04(a). The 14-day requirement, however, is not absolute. As an initial matter, the language of rule 115.04(a)(4) indicates that a memorandum of law is not required but, rather, is optional. *See id.* Also, if a moving party's motion papers are not properly served and filed, the rules provide that a district court "may" cancel the hearing on the motion, which indicates that the district court is not required to do so. Minn. R. Gen. Pract. 115.06. In addition, a district court "may waive or modify the time limits established by" rule 115. Minn. R. Gen. Pract. 115.07. Furthermore, the rule providing for frivolous-litigant sanctions allows a district court to impose sanctions "on its own initiative." Minn. R. Gen. Pract. 9.01. For all these reasons, the district court

was within its discretion when it accepted Phillips's untimely memorandum in support of his rule 9 motion.

Fifth and finally, Wittner contends that the district court erred by refusing to consider the memorandum she filed on January 15, 2015, in opposition to Phillips' rule 9 motion. Wittner's premise is without support in the record; the district court did not state in its order that it would not consider the memorandum. Rather, the district court stated that it struck a non-dispositive motion filed by Wittner because she did not appear for the hearing on the motion.

Thus, the district court did not err by granting Phillips's motion for frivolous-litigant sanctions.

Before concluding, we caution Wittner that she must avoid intemperate language in future proceedings in this case as well as future proceedings in any other case in which she appears. In district court proceedings, she repeatedly attacked the district court in ways that were unreasonable and unproductive, and she repeatedly resisted the district court's warnings to cease her overzealous advocacy. In her appellate brief, she continues to engage in the same type of verbal conduct. Although this court generally is not empowered to enforce the rules of professional conduct, we think it may be useful to point out to Wittner, sooner rather than later, that her form of advocacy may be beyond the limits of professional conduct for persons licensed to practice law in the State of Minnesota. *See, e.g.*, *In re Disciplinary Action against Michael*, 836 N.W.2d 753, 765 (Minn. 2013) (affirming referee's finding that attorney engaged in unprofessional conduct toward tribal court in written communications); *Matter of Discipline of Getty*, 401 N.W.2d 668, 671 (Minn.

10

1987) (disciplining attorney for unprofessional conduct toward district court during courtroom proceedings).

In sum, we affirm the district court's rulings on Phillips's motions for sanctions, reverse the district court's dismissal of Wittner's breach-of-contract claims, and remand for further proceedings on the breach-of-contract claims.

**Affirmed in part, reversed in part, and remanded.**