# M. B. HENDERSON v. THOMAS MURRAY.[1]

May 21, 1909.

Nos. 16,072—(73).

**Parol Trust — Statute of Frauds.**

A mere verbal promise by a grantee to hold the legal title to land in trust for the benefit of the grantor and to reconvey it on demand, where there is no bad faith except that which arises from a mere refusal to carry out the promise, is void within the statute of frauds and uses and trusts, and the trust cannot be enforced.

**Same — Fraud.**

Where, however, a party obtains the legal title to land from another by fraud, or by taking advantage of confidential or fiduciary relations, or in any other unconscientious manner, so that he cannot justly retain the property, equity will impress a constructive trust upon it in favor of the party who is equitably entitled to it.

**Charge to Jury.**

The trial court erred in charging the jury to the effect that if the grantor in the deed here in question, and under which the plaintiff claims, executed it simply for the purpose of investing the grantee with the legal title, intending to retain the dominion and ownership of the land, the defendant was entitled to a verdict.

Action in ejectment in the district court for Meeker county to recover possession of certain land and for the wrongful retention thereof. The answer set up the facts stated in the opinion. Thomas Murray, the executor of the estate of Michael Murray, was substituted plaintiff after the death of his testator. The case was tried before Qvale, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Reversed and new trial granted.

*Alva R. Hunt* and *Charles H. March,* for appellant.

*Foster & Stites,* for respondent.

[1]Reported in 121 N. W. 214.

START, C. J.

This action was brought in the district court of the county of Meeker against Michael Murray to recover the possession of eighty. acres of land which the plaintiff alleged that he owned in fee and that the defendant was in possession thereof. The answer admitted that the defendant was in possession, denied the plaintiff was the owner of the land, and alleged title and possession in himself for more than twenty years next before the commencement of this action. Michael Murray died pending the litigation, and his son and executor, Thomas Murray, was substituted as defendant. Verdict for the defendant, and the plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

1. The first claim made by the plaintiff is to the effect that there is no evidence to support the verdict, but, on the contrary, the evidence conclusively shows that the plaintiff is the owner and entitled to the possession of the land, and therefore the trial court should have directed a verdict in his favor as requested. The evidence as to many material matters was conflicting; but it was sufficient, if satisfactory to the jury, to establish facts relevant to this question as follows:

On March 23, 1903, Michael Murray was the owner and in possession of the land in question, and had been since 1868, and on that day he made in form a deed of the land to Rev. Patrick J. McCabe, who for several years prior thereto, and until a short time before the making of the deed, was the priest in charge of the church of which Michael Murray was a member, during which time he confided in Father McCabe, was accustomed to consult with him when he was in trouble, also as to business matters, and to follow his advice. At the time the deed was so made, Murray was a widower, over seventy years of age, ill and childish, and was having some trouble with his children. He then consulted his former spiritual and temporal adviser, Father McCabe, and told him his troubles, and that his children wanted to take the land away from him, who repeatedly advised and urged him to deed the land to him (McCabe), and he would deed it back to him whenever he requested it, and would keep him out of trouble with his family.

Murray thereafter, without the knowledge of Father McCabe, but relying upon such advice and promise, and believing that if he acted upon them he would be relieved of his troubles, and that the promise would be fulfilled, made in form a deed of the land, in which Father McCabe was named as grantee, and caused it to be recorded and returned to himself, and always kept it in his exclusive possession. The grantee, McCabe, never had the deed at any time in his possession; but he gave testimony tending to show that he had notice of the making of the deed and accepted it.

Murray so made the deed without any consideration, although it was recited in the deed that it was made in consideration of one dollar and love and affection, and without any intention of vesting in the grantee any beneficial interest in the land, or any dominion or control thereof. He continued in the actual and exclusive possession of the land until his death, which occurred after the sale of the land on execution as hereinafter stated. He requested the grantee, McCabe, to deed the land back to him; but he never did. On July 15, 1899, the firm of Wheaton, Rogers & Dennis recovered and docketed a judgment in the county of Meeker for $204 against James C. McCabe, which was amended by order of the district court, dated September 15, 1903, by inserting therein the judgment debtor's true name, Patrick J. McCabe, the grantee named in the deed. Execution was thereafter issued on the judgment, and the land levied upon and sold to plaintiff on November 23, 1903, for $237.60, the amount of the judgment and costs of sale. The plaintiff was not present at the sale, and the land was bid off in his name by the attorney of the judgment creditors by their direction. No money was paid by any one to the sheriff, who, by direction of the attorney, executed a certificate of sale of the land, which was recorded, and the execution satisfied. The attorney of the judgment creditors was informed, before the levy was made, that Michael Murray simply deeded the land to McCabe pursuant to his advice to hold in trust, and that the grantor was still in possession. No redemption was made from the execution sale.

The plaintiff claims that he is a bona fide purchaser of the land without notice, and protected by our registry act. R. L. 1905, § 3357. The record does not justify the claim, for the grantor was

at all times, until after the plaintiff's alleged purchase at the execution sale, in the actual possession of the land, and the attorney, who represented the judgment creditors at the execution sale and by their direction bid off the land in the name of the plaintiff, was expressly advised of Murray's rights in the land before the sale was ·made. Baker v. Thompson, 36 Minn. 314, 31 N. W. 51. Again, the burden was on the plaintiff to show that he was a purchaser without notice for value. Roussain v. Patten, 46 Minn. 308, 48 N. W. 1122. See also School District No. 10 v. Peterson, 74 Minn. 122, 76 N. W. 1126, 73 Am. St. 337. The plaintiff offered no evidence tending to show that he was in fact a bona fide purchaser for value.

This case, then, is to be considered as if it were one between the grantor, Murray, and the grantee, McCabe. If McCabe had brought this action, the question is whether he would have been entitled, as a matter of law, upon the facts we have stated, to recover the possession of the land from the defendant. It is the contention of the plaintiff that he would be entitled so to recover the possession of the land because the trust agreement was void. It is true that a mere verbal promise by a grantee to hold the legal title to land in trust for the grantor and return it on demand, where there is no bad faith, except that which arises from a mere refusal to carry out the promise, is void within the statute of frauds and of uses and trusts, and the trust cannot be enforced. Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Connelly v. Sheridan, 41 Minn. 18, 42 N. W. 595; Mercantile Nat. Bank v. Parsons, 54 Minn. 56, 55 N. W. 825, 40 Am. St. 299; Luse v. Reed, 63 Minn. 5, 65 N. W. 91. But it is equally true that where a party obtains the legal title to land by fraud or bad faith, or by taking advantage of confidential or fiduciary relations, or in any other unconscientious manner, so that he cannot justly retain the property, equity will impress a constructive trust upon it in favor of the party who is equitably entitled to it. Such trusts for convenience are termed ex maleficio or ex delicto, and are practically without limit. 3 Pomeroy, Eq. Jur. § 1053.

The evidence, if satisfactory to the trial court and jury, was sufficient to bring this case within the class of cases in which the

court declares a trust ex maleficio by reason of the inequitable conduct of the grantee. The answer alleges facts which, if found true, would raise such a trust and defeat the plaintiff's claim for the possession of the land. It also alleges that the deed was never delivered. The record shows that the case was not determined upon the equities alleged in the answer, nor upon the issue whether the deed was ever delivered, which was a question of fact under the evidence. If the deed was never delivered, no title passed. This question was not submitted to the jury. It follows that the plaintiff is not entitled to judgment notwithstanding the verdict; for, if reversible error was committed on the trial, this is a case for a new trial, and not for judgment absolute.

2. This brings us to the question whether the plaintiff, upon the record, was entitled to have his motion for a new trial granted. The trial court instructed the jury as follows:

"I think the only facts for you to determine from all of the evidence, the facts and circumstances in 'evidence in the case, are these: At the time that Michael Murray executed and delivered the deed of the land in question to Patrick J. McCabe, did he do so with the intent to invest the grantee, McCabe, with the ownership and title of the land in question? If he did, and you so determine from the facts in the case, plaintiff is entitled to your verdict. On the other hand, if you are unable to so find, there is another question in the case, and that is: Did the grantor, Murray, deed this land simply for the purpose, here claimed, of investing McCabe with the legal title, and did he intend to retain the dominion and ownership of the land? If he did, and you so determine from all of the facts and circumstances in evidence in the case, it follows as a matter of course that the defendant is entitled to your verdict." And, further, that:

"If McCabe only held the bare legal title in trust for Murray, without any beneficial personal interest in the land, the sale under the execution did not give the plaintiff any title to the land."

The giving of the foregoing instructions is assigned and urged as error. The instructions were, in effect, that if Murray made the deed for the purpose of vesting in McCabe the legal title in trust for himself, with the intention to retain dominion and the beneficial ownership of the land, then the defendant was entitled to a verdict.

That this is a correct summary is apparent from a mere reading of the instructions, which make the intention of Murray in executing the deed the controlling question in the case. That this was the understanding of counsel for the defendant is apparent from his brief, in which he says: "The intent of Murray in executing the deed was the principal question in the case. All the other questions were merely incidental to it."

It is too obvious to justify any extended argument that the instructions were radically erroneous. In every case of the transfer of the legal title to land, to be held by the grantee upon a verbal promise to hold it in trust for the grantor and to reconvey it on demand, there is never any intention on the part of the grantor to part with the beneficial ownership or control of the land. In such a case the intention of the grantor is immaterial; but it is otherwise when the land is conveyed under circumstances where equity will raise a constructive trust, for if there was no bad faith, except that which arises merely from refusing to carry out the promise, the verbal trust is void, and the absolute title vests in the grantee, if the deed is in fact delivered. It follows that the plaintiff is entitled to a new trial on account of the erroneous instructions.

With reference to a new trial, it is proper to state that the judgment in an action between Murray, as plaintiff, and McCabe, as defendant, adjudging that Murray was the owner of the land, rendered after the judgment through which the plaintiff herein claims was duly docketed, was not competent evidence against such plaintiff for any purpose.

Order reversed and a new trial granted.