VERINDA BROWN, in Her Behalf and in Behalf of All Others Similarly Situated, Plaintiff, *v.* FATHER DIVINE and Others, Defendants.

Supreme Court, Special Term, New York County, March 8, 1940.

*William W. Lowell,* for the plaintiff.

*Kevie Frankel [Edward Potter* of counsel], for the defendant Father Divine.

DINEEN, J. The evidence establishes to my satisfaction the following facts:

In the spring of 1929 plaintiff was introduced to the defendant Divine. Thereafter she became one of his devoted followers and gave him some of her furniture and linens. In the course of time, while she was vacationing in the so-called kingdom and making weekly visits, defendant Divine advised her not to keep her money in banks but to deposit it in his " Heavenly Treasure " for safe-keeping, and promised that it would be returned to her upon demand. As a consequence she intrusted to him, over a period of years, the sum of $3,937.02.

In October, 1934, plaintiff demanded the return of her money, furniture and linens, and upon defendant's refusal instituted this action in her own behalf and in behalf of all other members, or former members, of the Father Divine Peace Mission similarly situated, to recover the moneys and property turned over by her and the other

members to Divine. She prayed for the appointment of a receiver of various parcels of real property in which she claims these moneys were invested and asked that such properties be sold for the benefit of plaintiff and other contributors to the movement led by the defendant Divine. The record owners of the real property were joined as defendants.

At the conclusion of plaintiff's case the representative cause of action was dismissed. (*Brenner* v. *Title Guarantee & Trust Co.,* 276 N. Y. 230; *Society Milion Athena, Inc.,* v. *National Bank of Greece,* 253 App. Div. 650; modfd., 281 N. Y. 282.) Plaintiff's individual cause of action was allowed to stand against the defendant Divine individually (*Society Milion Athena, Inc.,* v. *National Bank of Greece, supra*), but was dismissed as against all other defendants.

In his defense Divine read into the record parts of his testimony given on an examination before trial. He rested after plaintiff's counsel had read from the same examination. It was established by the proof that the defendant Divine stood in the relation of spiritual adviser to the plaintiff and his other followers. Such relationship cast upon him the burden of explaining and justifying the acceptance and retention of the plaintiff's money and chattels. (*Nesbit* v. *Lockman,* 34 N. Y. 167; *Boyd* v. *De La Montagnie,* 73 id. 498; *Cowee* v. *Cornell,* 75 id. 91; *Wood* v. *Rabe,* 96 id. 414; *Goldsmith* v. *Goldsmith,* 145 id. 313; *Handerson* v. *Murray,* 108 Minn. 76; 121 N. W. 214; Bogert on Trusts, § 42, p. 144.) That burden has not been sustained and he must be held liable to respond to plaintiff as a constructive trustee.

It is urged that if plaintiff's proofs have established any cause of action at all it is one at law for moneys had and received or for fraud and deceit or on a contract of bailment. Since one may not bring an action in equity and recover upon proof of a mere cause of action at law (*Bradley* v. *Aldrich,* 40 N. Y. 504; *Schank* v. *Schuchman,* 212 id. 352), it is contended that the complaint against defendant Divine should be dismissed. If the case is one of constructive trust, an ancient ground of equity jurisdiction is invoked. That jurisdiction would not be relinquished even though it should appear that an action at law would lie for damages. This is undeniably so in a case like the present where plaintiff sought to trace the trust funds and impress a lien upon property acquired by their use. That relief could only have been obtained in equity. Although plaintiff's proof has fallen short of establishing the lien she asserted, the court will retain her action and mould its judgment to give plaintiff the relief to which she may be entitled. (*Bosworth* v. *Allen,* 168 N. Y. 157, 167, 168; *Lightfoot* v. *Davis,* 198 id. 261; *Falk* v. *Hoffman,*

233 id. 199; *Whiting* v. *Hudson Trust Co.*, 234 id. 394; *Fur & Wool Trading Co., Ltd.*, v. *Fox, Inc.*, 245 id. 215; *Tucker* v. *Weeks*, 177 App. Div. 158.)

The value of plaintiff's chattels has not been sufficiently established to justify a money judgment for their value, but the decision and judgment may include a direction that they (or such of them as still remain in existence) be surrendered to plaintiff on demand. The extent of defendant's liability is established by the evidence. No accounting is necessary.

Any provision in the judgment with respect to the method of its enforcement by execution would be out of place. (*Hennig* v. *Abrahams*, 246 App. Div. 621; affd., 270 N. Y. 626.)

The requests for findings have been passed upon. Settle decision and judgment.