Harlan M. WILSON, et al.,
Respondents,

v.

Norris J. SKOGERBOE, et al., Defendants,

Elaine B. Hyk, Petitioner, Appellant.

No. C9-85-1165.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Wayne A. Pokorny, Pokorny & Erickson, Excelsior, for respondents.

Robert W. Dygert, Dygert & Dygert, Minneapolis, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK, and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Elaine Hyk appeals from an order requiring that the property in issue be sold and awarding her an equitable lien on the property in the amount of $20,505.30. The trial court failed to award prejudgment interest. We affirm in part, reverse in part and remand.

## FACTS

This appeal is taken from an interlocutory decree of the trial court ordering sale of certain property and division of net proceeds of one-third each to appellant and two respondents. The "property" involved is the vendee's interest in a contract for deed. The trial court awarded appellant a pre-division lien of $20,505.30.

The property in issue was purchased by contract for deed in the name of Community Builders, Inc. on August 4, 1972. The principals of the corporation were respondents and Stanley Hyk. Appellant was president and majority shareholder of the company. The trial court found that the Hyks made the decision to buy the property and that respondents did not participate in the decision or in the negotiations. The trial court also found that money for the down payment and the only monthly payments Community Builders, Inc. ever made were provided by two mortgages placed on portions of the property.

A dispute arose, resulting in a suit by respondents against Stanley Hyk. The vendee's interest in the contract for deed was then on the record in the name of Community Builders, Inc. The trial court ruled on February 28, 1975, that Community Builders, Inc. was a sham, and awarded all of its property, including the vendee's interest in the contract for deed, to the two respondents and Stanley Hyk, as joint venturers. Each was awarded one-third of the property. Stanley Hyk is appellant's former husband. Appellant succeeded to Stanley Hyk's one-third interest by virtue of the Hyks' amended divorce decree dated January 21, 1982. At the time of the court's determination that Community Builders, Inc. was a sham, the property was sold on a second contract for deed to Howard Anderson. The Anderson contract was later cancelled for default in subsequent payments.

The present case was brought by respondents against Stanley Hyk, appellant, and numerous others who held lien or mortgage claims against the property. Respondents sought determination of the various adverse claims and requested partition of the property. Appellant moved to convert the action into one to quiet title. Respondents moved for summary judgment based

on the trial court's 1975 order. The motions were heard on January 21, 1982. The court ordered partial summary judgment against appellant, ruled that appellant could not claim an interest in the property through the conveyances that the court had previously determined were null and void, and further ruled that appellant had no interest in the property by virtue of her contributions to the capital of Community Builders, Inc. The Minnesota Supreme Court affirmed the court's order in a one-sentence opinion on July 12, 1983.

The remaining issues in this case were tried to the court on January 8–10, 1985. The claims of defendants other than appellant were eliminated prior to trial. The trial court made numerous findings as to payments which appellant had made to protect and maintain the property. The trial court found that appellant had made all of the contract payments since January 23, 1973, except those paid by Howard Anderson. In addition, appellant had paid the real estate taxes on the property, and respondents paid no taxes. The contributions to maintenance and repair of the property, with the exception of inconsequential items paid by Community Builders, Inc., had been made by appellant and her children. Furthermore, the court found that appellant had paid all of the insurance premiums on the property since its first acquisition, and that she had redeemed the land from cancellation of the contract for deed numerous times by making past due payments. The court found that respondents had made no payments to redeem or protect the property.

Consequently, the court held that "in fairness to all parties, Elaine B. Hyk is entitled to an equitable lien for payments made to avoid forfeiture." The trial court concluded that respondents and appellant are "each owners, as tenants in common, of an undivided one-third interest" in the property, and that appellant has an equitable lien against the property in the amount of $20,505.30. The court intended that the amount of the lien constitute contract payments and legal expenses and costs expended by appellant since the 1975 court order. The court then ordered sale of the property and division of the proceeds.

The fee title and vendor's interest in the contract for deed are now held by Wood Investments, a partnership. Both of the mortgages are currently held by an assignee. Appellant and two of her four children have occupied the property as their homestead since December 3, 1976.

By order dated July 23, 1985, this court granted appellant's petition for discretionary review. Appellant's position on appeal is that the trial court erred in failing to find that legal title to an undivided two-thirds of the vendee's interest in the contract for deed is held by respondents as constructive trustees for appellant. Alternatively, appellant argues that if she is limited to an equitable lien, the trial court's findings as to the amount paid by appellant for contract payments, taxes, insurance, and maintenance and repair are clearly erroneous. Appellant also requests an award of prejudgment interest. We affirm in part, reverse in part and remand.

## ISSUES

1. Did the trial court abuse its discretion in failing to find that appellant is the equitable owner of the entire vendee's interest and that respondents hold legal title in two-thirds as constructive trustees for her?

2. Did the trial court err in granting an equitable lien in the amount of $20,505.30?

3. Did the trial court err in failing to award appellant prejudgment interest?

## ANALYSIS

### I.

A constructive trust is "a creation of equity designed to provide a remedy for the prevention of unjust enrichment where a person holding property is under a duty to convey it to another to whom it justly belongs." *Knox v. Knox*, 222 Minn. 477, 481, 25 N.W.2d 225, 228 (1976). A court may impose a constructive trust only when there is clear and convincing evidence that such imposition is justified to prevent un-

just enrichment. *Mjolsness v. Mjolsness,* 363 N.W.2d 839, 841 (Minn.Ct.App.1985) (citing *In Re Estate of Eriksen,* 337 N.W.2d 671, 674 (Minn.1983)). This unjust enrichment may arise if title to property is acquired by fraud, duress, undue influence, or mistake, or if there exists a confidential or fiduciary relationship that was breached. *Henderson v. Murray,* 108 Minn. 76, 79, 121 N.W. 214, 216 (1909).

■ Appellant cites three cases in which the Minnesota Supreme Court affirmed the imposition of a constructive trust. In *Knox,* 222 Minn. 477, 25 N.W.2d 225, the husband put property in the wife's name to circumvent the effect of a mortgage moratorium statute. When they were later divorced, she refused to convey it back to him. The supreme court upheld the trial court's imposition of a constructive trust, reasoning that because the relationship between husband and wife is confidential in nature, the wife had a duty to reconvey. *Id.* at 483, 25 N.W.2d at 229.

In *Thompson v. Nesheim,* 280 Minn. 407, 159 N.W.2d 910 (1968), the husband permitted all property acquired after his second marriage to be put in the second wife's name in order to protect the property from claims of the former wife. The supreme court determined that there existed a confidential and fiduciary relationship and awarded the husband a fifty-percent interest upon the death of the wife on a constructive trust theory. *Id.* at 418, 159 N.W.2d at 918.

Finally, in *In Re Estate of Eriksen,* 337 N.W.2d 671, a cohabitating couple bought a home, the cost of which they shared equally. The title was placed in the man's name, however, to avoid creating statutory inchoate rights in the woman's estranged husband and to avoid loss of AFDC benefits. The supreme court affirmed the trial court's determination that following the man's death his estate would be unjustly enriched if it held sole title to the property, and the court awarded the woman an undivided one-half interest. *Id.* at 674.

Unlike *Knox* and *Thompson,* the conveyance here was not procured by fraud or made in reliance upon a confidential or fiduciary relationship. Neither has appellant shown any unjust enrichment such as the court found in *Eriksen.* The parties here did not purchase the property together. There was neither an express nor implied agreement that appellant was to be a common owner with respondents. Respondents and Stanley Hyk were granted title by judicial decree. Any legal interest which appellant enjoys in the property came to her through the dissolution of her marriage to Stanley Hyk. Based on these facts, we hold that the trial court correctly determined that the imposition of a constructive trust to prevent unjust enrichment was not justified in this case.

## II.

Appellant next argues that the trial court erred in finding the amount of the equitable lien to be $20,505.30. The trial court made the following findings of fact:

20. Plaintiffs are not entitled to charge Elaine B. Hyk for rent on the property, having invested nothing in its purchase, maintenance, taxes or insurance.

21. The Court finds that the amount paid by Elaine B. Hyk for taxes, insurance, maintenance, and repairs of the property is approximately $27,000, which constitutes a reasonable amount for the rental of said property from December 31, 1976 to date.

22. That subsequent to the [1975 court] order, this Court finds that Elaine B. Hyk paid a total of $19,985 in contract payments and $520.30 in legal expenses and costs.

The trial court ordered that the proceeds from the sale of the property be applied "[t]o pay Elaine B. Hyk the amount of her equitable lien, consisting of payments of principal and interest on the contract for deed subsequent to the Judgment and Decree issued * * * on March 3, 1975, which sums total $19,985.00, with attorney's fees and costs of $520.30, for a total of her lien of $20,505.30."

■ Upon appellant's request, this court has reviewed the trial court's compu-

**700**

tation in regard to the equitable lien. We hold that the trial court did not abuse its discretion in finding that the amounts paid by appellant for taxes, maintenance, insurance and repairs constituted a reasonable amount for rent. We are unable to find in the record, however, any evidence to support the trial court's finding of $19,985 as the amount of the contract payments paid by appellant since the March 3, 1975 judgment. It is uncontested that the amount paid by appellant toward contract payments on the property after March 3, 1975, was $27,000. In view of the trial court's order that appellant is to be paid for principal and interest payments made by her after March 3, 1975, the amount of the equitable lien should be $27,000 plus $520.30 attorneys' fees.

### III.

■ Appellant also seeks prejudgment interest. Pursuant to Minn.Stat. § 549.09, subd. 1 (1984), appellant is entitled to interest calculated from July 1, 1984, the effective date of the statute, to the date judgment is finally entered. Regarding appellant's request for interest prior to July 1, 1984, Minnesota law allows prejudgment interest on unliquidated damages only if the amount is readily ascertainable. *Potter v. Hartzell Propeller, Inc.*, 291 Minn. 513, 518, 189 N.W.2d 499, 504 (1971). In this case, respondents could not determine the amount owed until the trial court granted the equitable lien. We therefore hold that appellant is not entitled to prejudgment interest prior to July 1, 1984, but is entitled to prejudgment interest pursuant to Minn.Stat. § 549.09, subd. 1(c) calculated from July 1, 1984 until judgment is finally entered.

### DECISION

The trial court did not abuse its discretion in failing to impose a constructive trust in favor of appellant. Because appellant is entitled to an equitable lien in the amount of $27,000 plus $520.30 attorneys' fees, we remand for entry of lien in that amount. We also remand for a determination and award of prejudgment interest consistent with this opinion.

Affirmed in part, reversed in part and remanded.