**In re ESTATE OF Alyce Elizabeth FARLEY.**

**No. C1–86–909.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

Merlyn Anderson, Slayton, for appellant.

Morris A. Grover, Alexandria, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant executrix challenges a trial court order imposing a constructive trust upon certain Murray County real property in favor of respondent. Appellant claims the trial court erred in its equitable remedy because decedent, respondent's daughter, properly devised the Murray County property to another and decedent's will should have been probated in Minnesota pursuant to Minn.Stat. § 524.3–408 (1984). We affirm.

## FACTS

On February 4, 1981, Bartley Farley purported to sell for $76,000 by contract for deed certain real property to his three children Raymond Farley, Alyce Farley and Beatrice Schonhardt. The 80–acre tract is described as the west half of the northeast quarter of section 33, township 107, range 40 of Murray County. Bartley Farley used the contract for deed as a means of avoiding probate of the property and payment of inheritance tax.

Bartley Farley never received any payments on the contract. Both he and his son testified the family's understanding was that the father would have full control of the property during his lifetime and would receive all income. That agreement was never placed in writing. Bartley Farley reported income from the property on his income tax statements and indicated interest income forgiven.

The land has been rented to a third party for farming. Rental payments have been made to the children who retained necessary amounts to pay property taxes and then transferred the remainder to their father. The children reported rental income and real estate taxes paid.

On September 3, 1984, Alyce Farley had surgery in Dallas, Texas to remove an abdominal tumor. Her home city had been Dallas for more than 15 years. Prior to surgery she signed a will leaving the bulk of her estate, including her interest in the Murray County property, to a religious non-profit organization Christ for the Nations, Inc. She affiliated with this group after the nunnery she served for several years moved from Texas.

Alyce Farley recovered from surgery and visited her family in Minnesota in October 1984. She told her brother she had made a will. In response to his question whether the Murray County land was mentioned in the will, she replied "no" and stated there was no problem with the property.

Following a relapse, Alyce Farley died on April 29, 1985 at age 53 years. Her brother flew to Dallas that same day, contacted Christ for the Nations, Inc. to discuss funeral arrangements and had a brief discussion regarding the will, but did not learn the Murray County property had been devised.

Alyce Farley was flown to Minnesota and buried. The funeral bill was forwarded to the estate on May 14, 1985 by Raymond Farley.

On May 23, 1985, Glenda Williams of Christ for the Nations, Inc. petitioned for the will's probate in Dallas. Notice of the petition was never mailed to Alyce Farley's family. Consistent with Texas law, notice was posted at the Dallas County Courthouse. *See* Tex.Prob.Code Ann. § 128 (Vernon 1980). On June 10, 1985, Alyce Farley's will was probated without contest and Glenda Williams was appointed executrix. Bartley Farley testified he first learned of the probate in August 1985; Raymond Farley in September 1985.

During summer 1985, Texas counsel for the estate contacted Raymond Farley. He told the brother the contents of the will and offered to sell Alyce Farley's one-third interest in the Murray County property. A letter dated July 2, 1985 from the Texas

counsel addressed to Raymond Farley indicates a copy of the will as an enclosure. Raymond Farley could not recall having received that letter and stated he first received a copy of his sister's will in late August 1985.

On September 26, 1985, Bartley Farley petitioned the trial court for formal adjudication of Alyce Farley's intestacy. On September 27, 1985, Glenda Williams petitioned the trial court for probate in Minnesota of the Texas will. On October 28, 1985, the trial court heard both petitions.

By order filed April 10, 1986, the trial court concluded the Murray County property was held by Alyce Farley in trust for the use and benefit of her father. To avoid unjust enrichment, a constructive trust in favor of Bartley Farley was imposed. The trial court also concluded the Texas order probating the will was not determinative pursuant to Minn.Stat. § 524.3–408 because the father had no opportunity to contest due to lack of notice. Appellant Glenda Williams challenges the April 10 order.

## ISSUES

1. Does Minn.Stat. § 524.3–408 apply?

2. Was the evidence sufficient to support imposition of a constructive trust?

## ANALYSIS

■ 1. Appellant claims the trial court improperly failed to give full faith and credit to the Dallas County probate of Alyce Farley's will by not admitting the will to Minnesota probate pursuant to Minn.Stat. § 524.3–408. That statute states:

A final order of a court of another state determining testacy, the validity or construction of a will, made in a proceeding involving *notice to and an opportunity for contest* by all interested persons must be accepted as determinative by the courts of this state if it includes, or is based upon, a finding that the decedent was domiciled at his death in the state where the order was made.

Minn.Stat. § 524.3–408 (1984) (emphasis added). The trial court found Bartley Farley had no prior notice of, and had no opportunity to be heard at, the June 10 Dallas probate hearing and concluded therefore Minn.Stat. § 524.3–408 was not applicable. Appellant claims proper opportunity for contest was provided by compliance with Texas notice requirements calling only for posted courthouse notice, and she asserts respondent's right to contest is preserved by his opportunity to contest the probate in Texas within two years. *See* Tex.Prob.Code Ann. § 93 (Vernon 1980).

Minn.Stat. § 524.1–401 outlines the proper method for providing notice in Minnesota probate. Personal notice is required. *Id.* § 524.1–401(a)(1)–(2). If personal notice cannot be made, published notice is sufficient. *Id.* § 524.1–401(a)(3). Here it is apparent the names and addresses of the Farley family were available prior to probate. Personal notice should have been made.

Respondent's opportunity to appeal the probate decision is irrelevant to his opportunity to contest the original probate. The trial court did not err in not probating the Texas will pursuant to Minn.Stat. § 524.3–408.

■ 2. Appellant claims the 1981 contract for deed vested transferable title in Alyce Farley which she properly devised to Christ for the Nations, Inc. She asserts insufficient evidence exists to support the constructive trust which is based on the sham nature of the contract for deed.

A court of equity, in decreeing a constructive trust, is bound by no unyielding formula, but is free to effect justice according to the equities peculiar to each transaction wherever a failure to perform a duty to convey would result in unjust enrichment.

*Knox v. Knox,* 222 Minn. 477, 481, 25 N.W.2d 225, 228 (1946).

Appellant claims insufficient evidence supports the Farley family agreement that Bartley Farley would retain control of the property until his death. She insists that agreement is evidenced only by Bartley and

Raymond Farley's testimony and is not supported by written documentation. Appellant asserts the trial court erred in placing emphasis on respondent's contradictory oral statements, claiming the income tax statements and the contract for deed speak for themselves.

> The courts are generally uniform in permitting an oral agreement * * * to be proved for the purpose of granting equitable relief.

*Dietz v. Dietz,* 244 Minn. 330, 335, 70 N.W.2d 281, 285 (1955).

The contract for deed was, in effect, an attempted lifetime devise of respondent's real property as supported by the lack of purchase payments to respondent, his receipt of rental payments, and the testimony describing the family's agreement.

> Findings of fact made by a trial court sitting without a jury will not be set aside unless they are clearly erroneous, with due regard for the opportunity of the trial court to judge the credibility of the witnesses.

*Tonka Tours, Inc. v. Chadima,* 372 N.W.2d 723, 726 (Minn.1985). Here the trial court had full opportunity to adjudge the validity of the Farleys' testimony and we cannot conclude its finding regarding the family's agreement is clearly erroneous. We therefore affirm its imposition of the equitable remedy.

### DECISION

The trial court properly did not probate decedent's will pursuant to Minn.Stat. § 524.3–408 and properly imposed a constructive trust in respondent's favor.

Affirmed.