Estate of Elmer J. SPIESS, deceased, JoAnn B. Carlson, Personal Representative, Respondent,

v.

Frank SCHUMM, Appellant.

No. C3-89-957.

Court of Appeals of Minnesota.

Nov. 28, 1989.

John J. Doherty, Minneapolis, for respondent.

Michael J. Long, Theis & Long, Glencoe, for appellant.

Considered and decided by CRIPPEN, P.J., and NORTON and LOMMEN,* JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

Appellant Frank Schumm contends the trial court erred in imposing a constructive trust for the benefit of respondent estate upon the funds of a pay-on-death account. We affirm.

_____

* Acting as judge of the Court of Appeals by ap-

## FACTS

When Elmer Speiss died on May 15, 1987, he was survived by his stepdaughter, JoAnn Carlson, and her five children. Although Speiss himself had no children, he treated his stepdaughter and stepgrandchildren as his own. Speiss and appellant had been close friends for over 35 years and saw each other regularly. Speiss's 1976 will provided that Carlson take half of the estate and that the other half be divided among her five children.

In March 1987, Speiss was diagnosed as suffering from terminal cancer. With the help of Dawn Laidlaw, the spouse of his stepgrandson, he made important changes in his financial affairs. He attempted to execute a new will to divide his estate equally among the same six beneficiaries, set up trust accounts for two of his step-greatgrandchildren, and appointed appellant and his wife to be the "executrix" of the estate.

After Speiss drafted this document, Laidlaw took him to his savings and loan. He set up two new CDs in the amount of $500 each and named his stepgreatgrandchildren as beneficiaries. As he did so, he crossed out the portions of the will which provided trust accounts for the children and added the notations, "Did at TCF 3/19/87." Speiss also opened an account described by a TCF pamphlet introduced into evidence as a "trust account." He put most of his assets (over $35,000) into the account and listed appellant as the beneficiary. Banker Florence Friede, who knew decedent, explained the account's ramifications to him. She told Speiss twice that the funds would pass to the beneficiary at his death. There was some discussion about Speiss' desire that the money go to his "daughter and grandchildren." Speiss said, "Put Frank's name on there, he will know what to do with it."

When Speiss died, the account funds passed to appellant. Although appellant disclosed a desire to distribute the funds to the beneficiaries, he never did so. In December 1987, respondent was appointed the personal representative according to the

pointment pursuant to Minn. Const. art. VI, § 2.

1976 will. In March 1988, she filed a complaint seeking to have the account funds made part of the estate. After a bench trial, the court found that Speiss intended to have appellant distribute the funds to respondent and her children. The court found that Speiss was tired of dealing with the problem of distributing his money and delegated the task to the person whom he also wished to designate the executor of his will. Therefore, the court concluded in a thorough memorandum, although appellant was entitled to the account funds under Minn.Stat. §§ 528.02, subd. 11 and 528.-05(b) (1988), allowing him to keep the funds would be "ethically wrong" and would result in his unjust enrichment. To achieve Speiss's intent, the court imposed a constructive trust upon the account and ordered appellant to divide it evenly among respondent and her children. Appellant's motions for amended findings or a new trial were denied.

### ISSUE

Did the trial court correctly impose a constructive trust upon the account funds held by appellant?

### ANALYSIS

■ Appellant challenges the trial court's imposition of a constructive trust in light of the fact the court found no fraud. There is no unyielding formula for a court to apply in decreeing a constructive trust. *Knox v. Knox*, 222 Minn. 477, 481, 25 N.W.2d 225, 228 (1946). A constructive trust may be imposed when there is clear and convincing evidence that the trust is necessary to avoid unjust enrichment. *In re Estate of Eriksen*, 337 N.W.2d 671, 674 (Minn.1983); *see also Wilson v. Skogerboe*, 379 N.W.2d 696, 698–99 (Minn.Ct.App. 1986). Many constructive trust cases do involve wrongdoing, such as fraud, or an assumption of a duty on the part of the holder of the constructive trust property. However, we agree with the trial court that constructive trusts are not limited to those situations. *See Eriksen*, 337 N.W.2d at 674 (fraud or other wrongdoing need be

present in order to impose a constructive trust). A constructive trust can apply to a case, such as this one, where the the trial court finds clear and convincing evidence that it would be "morally wrong" for the property holder to retain the funds. *Timmer v. Gray*, 395 N.W.2d 477, 478 (Minn. Ct.App.1986). Accordingly, the trial court correctly determined and applied the elements of a constructive trust.

We note that the statute governing joint accounts explicitly allows a clear and convincing expression of intent to override the designation of a named beneficiary, while the statute on pay-on-death accounts does not explicitly contain such a provision. *See* Minn.Stat. §§ 528.05(a) (1988) (joint accounts); 528.05(b) (1988) (P.O.D. accounts). However, the section concerning pay-on-death accounts does not preclude claimants of account funds from demonstrating that the circumstances which surrounded the creation of the account were such that unjust enrichment would result from allowing the funds to pass to the survivor.

■ Appellant also contends there was insufficient evidence to support the court's finding of Speiss's intent. Giving "due regard" to factual findings, we cannot set aside such findings unless they are shown to be clearly erroneous. Minn.R.Civ.P. 52.-01, *see also In re Estate of Farley*, 397 N.W.2d 409, 412 (Minn.Ct.App.1986). Here, a number of witnesses testified for each side, and the trial court had an opportunity to judge their credibility and weigh the evidence. Under these circumstances, we cannot say the findings are clearly erroneous.

■ Finally, appellant objects to the introduction into evidence of three letters addressed to respondent. One letter was from appellant's counsel, and two were from a beneficiary. Appellant objects to all three letters on relevancy grounds, claiming that since they were written after Speiss's death, they are irrelevant to the question of his intent.[1] In the absence of an abuse of discretion, the trial court's ruling on evidentiary matters will stand.

1. No objection was made on hearsay grounds, either here or at trial.

*Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983). These letters bear on the question of decedent's wishes regarding the account funds, and respondent introduced them for the purpose of showing decedent's intent. Additionally, the letter from appellant's attorney bears on the question of appellant's awareness of decedent's intent, for it indicates that at that time appellant wanted to distribute the funds to the family as decedent wished.[2] The court could find that statements by others, even though made after decedent's death, were probative on these questions.

■ Appellant objects to the admission of the letter from his counsel on the ground it was an offer of settlement under Minn.R.Civ.P. 68. As the letter plainly was not written in anticipation of litigation, it is not a rule 68 offer of settlement. *Maguire v. Fed. Crop Ins. Corp.*, 181 F.2d 320, 322 (5th Cir.1950). The letter was introduced solely to demonstrate appellant's understanding of decedent's actions and intentions.[3]

## DECISION

The trial court correctly found clear and convincing evidence that a constructive trust was necessary to avoid unjust enrichment under the facts of this case.

Affirmed.

---

2. The record does not explain why appellant withdrew his initial suggestion for distribution. We observe that he may have anticipated that a beneficiary of life insurance on decedent's life would share the proceeds with the others mentioned in the will.

3. Appellant did not cite Minn.R.Evid. 408, a rule of broader effect dealing with the admissibility of offers to compromise. We note, however, that it would not apply here either. *See In re Commodore Hotel Fire and Explosion Cases,* 324 N.W.2d 245, 248 (Minn.1982) (rule excludes offer of compromise from evidence only when there existed actual controversy at time offer made).