**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3651

_____

Charles D. Ulrich,                      *
                                        *
        Appellant,                      *
                                        *
    v.                                  *
                                        * Appeal from the United
States
S t .  Paul Ramsey Hospital; Hennepin                    *
    District Court for the
C o u n t y  Medical Center; St. Luke's                  *
    District of Minnesota.
H o s p i t a l;  St. Joseph's Medical Center;           *
    [UNPUBLISHED]
University of Minnesota Hospital and                     *
Clinic,                                 *
                                        *
        Appellees.                      *

_____

                        Submitted:          M a y
21, 1997
                             Filed:      May 30,
1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Charles D. Ulrich appeals the district court's[1] dismissal of his diversity action for failure to state a claim.  We affirm.

---

[1] The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Ulrich, a certified public accountant, filed this action against five Minnesota hospitals, alleging that they received windfall payments as a result of work he did in seeking proper reimbursement for unpaid Medicare deductibles and coinsurance obligations.  In 1988, Ulrich discovered that Minnesota hospitals were not being properly reimbursed for patients eligible for benefits under both Medicare and Medicaid insurance programs.  He contacted all hospitals that had participated in the Minnesota Medical Assistance program and offered to pursue reimbursement on their behalf for a contingency fee.  More than fifty hospitals agreed to the arrangement, but defendants declined.

Ulrich pursued the claims for his clients, eventually settling with the state and receiving his contingency fee.  Before Ulrich could again approach the remaining hospitals about their possibility for recovery, the state--to resolve potential outstanding claims--offered to pay defendants a portion of what they were owed, using the formula that had been used in the settlement Ulrich engineered.  Ulrich claimed that because defendants did not pay him a contingency fee, they were unjustly enriched by his efforts.  The district court dismissed the action for failure to state a claim.

We review de novo the district court's interpretation of Minnesota law, see Kovarik v. American Family Ins. Group, 108 F.3d 962, 964 (8th Cir. 1997) (citing Salve Regina College v. Russell, 499 U.S. 225, 231 (1991)), and are bound by the decisions of the Minnesota courts, see Kovarik, 108 F.3d at 964.  We also review de novo a

dismissal for failure to state a claim.  See Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993).

We agree with the district court that Ulrich's claim fails, as he has made no allegation that defendants' acceptance of payments to which they were entitled was fraudulent or illegal in any way, and he has stated no facts to support an allegation that defendants' actions were morally wrong.  See First Nat'l Bank v. Ramier, 311 N.W.2d 502, 504 (Minn. 1981) (no claim for unjust enrichment absent illegal or unlawful

conduct by defendant); see also Servicemaster of St. Cloud v. GAB Business Servs., Inc., 544 N.W.2d 302, 306 (Minn. 1996) (unjust-enrichment claim failed because defendant did not receive security interest in home "under any cloud of impropriety"); Ventura v. Titan Sports, Inc., 65 F.3d 725, 729 (8th Cir. 1995) (characterizing Minnesota unjust-enrichment law as "well settled"; plaintiff won unjust-enrichment claim where defrauded by defendant), cert. denied, 116 S. Ct. 1268 (1996); Spiess v. Schumm, 448 N.W.2d 106, 108 (Minn. Ct. App. 1989) (constructive trust imposed where it would be morally wrong for property holder to retain funds).

Ulrich is not entitled to compensation from defendants merely because his efforts in representing his clients may have incidentally conferred a benefit upon defendants. See Galante v. Oz, Inc., 379 N.W.2d 723, 726 (Minn. Ct. App. 1986).

The judgment is affirmed. Ulrich's motion for attorney's fees and costs is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.